■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN BOLLING, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered March 28, 1985, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and a new trial ordered. Findings of fact have been considered and are determined to be established.

The instant convictions arose from the defendant's alleged possession of cocaine and marihuana at a residence known as 254 Albany Avenue in Suffolk County on April 5, 1984. Over defense objection, the trial court admitted testimony by a prosecution witness that, on a prior occasion, he had gone to the residence to complain about the quality of certain drugs which he had previously purchased at that locale from someone other than the defendant. He was further allowed to testify that after he lodged his complaint, the defendant, who was present at the residence, gave him two bags of cocaine to rectify the problem. Although the record is somewhat unclear, it appears that this testimony was admitted for unlimited purposes, as no limiting instruction was given to the jury at any time concerning it.

It is a firmly established rule that evidence of uncharged

crimes is inadmissible if offered merely to prove a defendant's criminal disposition, although it may be admissible for other limited purposes *(see, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264; *People v Short,* 110 AD2d 205). In the present case, the record is silent as to the specific relevance, if any, of the uncharged-crime evidence to a particular element or issue in this case, nor do we discern any specific probative value in the challenged testimony. Indeed, the absence of a limiting instruction by the trial court indicates that the evidence was received for all purposes. The admission of testimony of uncharged crimes is premised upon the theory that its probative value will outweigh its prejudical effect to the defendant *(see, People v Allweiss, supra; People v Short, supra).* However, in this case, we find that the prejudicial effect of this evidence so far exceeded its probative value as to render its admission reversible error *(see, People v Crandall,* 67 NY2d 111). Indeed, the factual similarity and closeness in time between the uncharged crime and the offenses for which the defendant was tried render it likely that the jury was improperly influenced by the challenged testimony in reaching its verdict *(see generally, People v Crandall, supra; People v Santarelli,* 49 NY2d 241; *People v Zackowitz,* 254 NY 192; *People v Molineux, supra).* This would appear to be especially true in light of the jury's request for a readback of the testimony concerning the defendant's uncharged criminal conduct. While there was sufficient evidence to prove the defendant's guilt beyond a reasonable doubt, this case was fairly close and was largely circumstantial. Hence, we cannot conclude that the erroneous admission of this prejudicial evidence was harmless beyond a reasonable doubt *(see, People v McKinney,* 24 NY2d 180). Consequently, a new trial is required.

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.