(January 21, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSE SALAS, Appellant.—Judgment, Supreme Court, Bronx County (Hinkson, J.), rendered January 13, 1986, convicting defendant of four counts each of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 7 to 21 years (four terms) and 2⅓ to 7 years (eight terms), unanimously reversed on the law and the matter remanded to Supreme Court for a new trial.

The defendant was convicted of four counts each of rape, sodomy, and sexual abuse. The victim of these crimes was a girl who was seven years old at the time of trial. During the course of the trial a 20-year-old female college student was permitted to testify that, when she was nine years old, the defendant had fondled her genitals and breasts. She also testified that when she was 12 years old the defendant had kissed her on her mouth and again fondled her breasts. A 12-year-old girl was also permitted to testify that the defendant had, when she was 6 or 7 years old, touched her chest and vagina.

Prior to trial, the District Attorney moved for an order permitting the aforesaid two witnesses to testify concerning the defendant's prior acts towards them. The defendant opposed the motion. The court stated, without elaboration "now, understanding that it's allowed for the limited purpose of allowing the jury to get as much information as possible and not for the purpose of showing a propensity to commit the crimes that are alleged, the application is granted." The defendant's attorney asked the court:

"May I ask the specific grounds? Is that under *Molineux* and, if so—

"THE COURT: I'm not going into that now. Bring the jury down."

When the first of these witnesses had completed her testimony, the defense attorney requested a limiting instruction from the court regarding the specific purpose for which the court had permitted the testimony. The court stated that that would be done "at the appropriate time". When the second of these witnesses was called, the defense attorney requested of the court, once again, that an appropriate limiting instruction be given the jury as to her testimony. The court again responded "I'll make it at the appropriate time". No limiting instruction was given by the court until its final charge to the jury. In its charge the court stated that "the People offered such evidence solely for the purpose of establishing that the

acts of this defendant toward [J.C.] were intentional; they were not accidental. Additionally, the People contend that this testimony negates the possibility that the charges in this case are based upon a mistake or misunderstanding." The court also instructed the jury that the subject evidence was not to be used to establish a propensity by the defendant to commit the crimes charged.

A new trial must be ordered since the testimony of the two witnesses should not have been received. On this appeal the District Attorney concentrates his argument on the theory that the evidence was properly received to establish the appellant's identity. This argument must be rejected. First, the trial court did not receive the evidence on the issue of identity and, although belatedly, instructed the jury to limit the purpose for which the evidence was to be used to establish intent and to negate mistake. Second, identity was never placed in issue and the defense attorney stated, in writing, that identity was not to be an issue in the trial. Third, the defendant is the uncle of the alleged victim.

It is also plain that the testimony concerning prior uncharged crimes could not have been properly received to negate mistake or accident. Rape in the first degree and sodomy in the first degree are crimes which, by their very nature, cannot be the result of accident, mistake, or misunderstanding. Further, the intent to commit the crimes of rape in the first degree or sodomy in the first degree cannot be inferred, in logic or in fact, from sexual touchings such as were the subject of the challenged testimony in this case.

In sum, there was no justification under the rationale of *People v Molineux* (168 NY 264 [1901]) or any of the cases descending from it, to permit the subject witnesses to testify as they did. The jury could only take from the testimony concerning sexual advances to other young girls the belief that the defendant had a propensity to commit the crime charged. Concur—Murphy, P. J., Sandler, Carro, Rosenberger and Wallach, JJ.