■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RECO McDONALD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered December 10, 1987, convicting him of sodomy in the first degree, sexual abuse in the first degree (three counts),

and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant was found guilty of having sodomized and sexually abused a 13-year-old girl, who testified that he used a ruse to lure her into his apartment, and forced her to pose for nude photographs during the commission of the offense. At the trial, another young girl was permitted to testify over the defense counsel's objection that, one year after the commission of the offense in issue, when she was 11 years old, the defendant also lured her into his apartment, and similarly sodomized and forced her to pose for nude photographs. A nude photograph of this child, allegedly taken during the commission of this subsequent offense, was further admitted into evidence. No limiting instruction was given by the court until its final charge, which instructed the jury that they could consider the testimony of the victim of the uncharged crime on the issue of the defendant's intent to commit the charged crimes against the complainant.

While evidence of a defendant's uncharged crimes or immoral conduct has some minimal probative value because of its tendency to demonstrate the defendant's bad character and general criminal propensity, it is excluded for policy reasons based upon the human tendency "to believe in the guilt of an accused person when it is known or suspected that he has previously committed a similar crime" *(People v Molineux,* 168 NY 264, 313; *People v Hudy,* 73 NY2d 40; *People v Alvino,* 71 NY2d 233, 241). Evidence of uncharged crimes may be received, however, where it helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule *(see, People v Alvino,* 71 NY2d 233, *supra; People v Lewis,* 69 NY2d 321). While one of the recognized exceptions to the general rule permits the admission of uncharged crime evidence to show intent, such evidence will often be unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferrable from the commission of the act itself *(see, People v Alvino,* 71 NY2d 233, *supra; People v McKinney,* 24 NY2d 180). Since sodomy in the first degree and sexual abuse in the first degree are crimes which, by their very nature, cannot be the result of accident, mistake, or misunderstanding *(see, People v Salas,* 136 AD2d 487) and from which intent is easily inferrable, the prejudicial effect of this evidence so far

exceeded its probative value as to make its admission reversible error (see, People v Hudy, 73 NY2d 40, supra; People v Bolling, 120 AD2d 601, lv denied 68 NY2d 665).

In light of the nature and extent of the testimony given by the victim of the uncharged crime, which was bolstered by the introduction of her nude photograph, we conclude that this erroneously admitted evidence was not harmless beyond a reasonable doubt (see, People v Hudy, 73 NY2d 40, supra; People v McKinney, 24 NY2d 180, supra; People v Bolling, 120 AD2d 601, supra).

We have reviewed the defendant's remaining contention and find it to be without merit. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.