UNITED STATES, Appellee,

v.

Steven K. ORSBURN, Staff Sergeant,
U.S. Air Force, Appellant.

No. 56,370.

ACM 25199.

U.S. Court of Military Appeals.

Argued May 9, 1990.

Decided Sept. 26, 1990.

For Appellant: *Major George P. Clark* (argued); *Colonel Richard F. O'Hair* (on brief).

For Appellee: *Captain James C. Sinwell* (argued); *Colonel Robert E. Giovagnoni* (on brief); *Colonel Joe Lamport and Major Terry M. Petrie.*

*Opinion of the Court*

SULLIVAN, Judge:

In the fall of 1985 appellant was tried by a general court-martial with members at Luke Air Force Base, Arizona. Contrary to his pleas, he was found guilty of rape,[1]

---

1. He was found guilty of raping his daughter on "divers occasions between 10 August 1984 and 24 April 1985."

three specifications of sodomy, and four specifications of committing indecent acts upon a child under 16 years of age, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority modified one specification of indecent acts so as to limit the findings to acts occurring at Davis–Monthan Air Force Base, Arizona, but otherwise approved the findings of guilty and the sentence as adjudged. The Court of Military Review further modified the findings of guilty in accordance with the applicable statute of limitations and affirmed the sentence in an unpublished opinion dated July 31, 1986.

This Court set aside the decision of the Court of Military Review for several reasons and returned the record of trial to the Judge Advocate General of Air Force for resubmission to that court. 26 MJ 287 (1988). Upon further review, the Court of Military Review dismissed Additional Charges I and II, and their indecent-act specifications, and ordered a sentence rehearing on the remaining findings of guilty in an unpublished opinion dated August 5, 1988. Before a military judge sitting alone at this sentence rehearing, appellant was sentenced for rape (Charge I) and sodomy (Charge II) to a dishonorable discharge, confinement for 18 years, total forfeitures, and reduction to the lowest enlisted grade. The Court of Military Review again affirmed these findings of guilty and the new sentence in an unpublished opinion dated July 18, 1989.

This Court granted review of the following issue raised by appellate defense counsel:

WHETHER THE MILITARY JUDGE ERRED BY ADMITTING INTO EVIDENCE PROSECUTION EXHIBITS 6, 7, AND 8, BOOKS OF SEXUALLY EXPLICIT NATURE, WHICH BOOKS WERE NOT SHOWN TO THE AL-LEGED VICTIM, NOR· WERE THEY USED IN ANY MANNER IN COMMITTING THE ALLEGED OFFENSES, AND WERE, HENCE, IRRELEVANT, INADMISSIBLE, AND HIGHLY PREJUDICIAL.

We hold that the military judge did not err by admitting the challenged prosecution exhibits. *See United States v. Mann*, 26 MJ 1 (CMA), *cert. denied*, 488 U.S. 824, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988).

The following evidence exists in the record of trial. Appellant's daughter, K, age 8 at the time of trial, related to her friends incidents of sexual conduct in April 1985 with her father. These disclosures set in motion a chain of events which included a search of appellant's home. Among other things, three paperback books entitled *Degraded, Delighted Daughter; Chained Youth: Girls In Bondage;* and *The Whore Makers* were discovered in the master bedroom closet. These books were later identified at trial as prosecution exhibits 6, 7, and 8, respectively.

At a pretrial hearing on September 4, 1985, defense counsel moved to suppress the books. He said, answering the judge's inquiry as to additional motions:

DC: Yes, Your Honor. The defense moves for appropriate relief in the form of in limine relief and this relates to once again, the books that were seized on 30 April 85, the books that have been described to you previously. *Specifically, Your Honor, we are asking that no mention be made of the books and that the books not be presented to the court members in the prosecution case in chief.*

We would argue that to be admissible under 404b, Military Rule of Evidence 404b, the prosecution must state, number one, the clear purpose of the offering of the evidence. We rely here on the cases of *Peterson* at 20 M.J. 806, Navy Court opinion 1985. *Rappaport,* 19 M.J. 708 and *Brannan,* 18 M.J. 181.

Second, the prosecution must explain the nexus, or connection, between the books and the crimes charged. That is rape and sodomy. Specifically they must explain the relevance that these books have to a contested issue in the case. We rely on the *United States v. Janis*, 1 M.J. 395, Court of Military Appeals case 1976.

Thirdly, they must state how the introduction of these books into evidence would help to prove an element or a contested issue of the crimes charged. Once again, *United States v. Janis*. We would suggest, Your Honor, that the titles of these books are not necessarily descriptive of the contents contained therein. Second, that there is no evidence that these books were used in the commission of a crime. And thirdly, that these books are not evidence of a crime and rely on the *United States v. Vanhoose*, because there is no indication that possession of these books violated any statute, nor another act, because these books in and of themselves are not an act.

In order for the prosecution to successfully introduce this evidence in the case in chief, there must be plain, clear, conclusive evidence to support either that these books are a crime, a wrong or an act. *If the prosecution were to offer these books, the only purpose they can offer them for is for the proposition that because the accused has these books in his possession he is more likely to have committed these offenses.* It is not as though they are offering these books as evidence that he has committed similar acts previously with other children. *We would suggest as well, Your Honor, to allow these books into evidence would serve unfair prejudice to the accused. Specifically, the jury would have an undue tendency to decide the issue of his guilt or innocence on an improper basis, specifically an emotional one.*

MJ: Trial counsel do you have comment?

TC: Yes, Your Honor.

MJ: Before hearing your comment I assume that as opposed to a Motion in Limine, this would, presuming arguendo that I find the warrant valid and would tell the prosecution that they could introduce these books into evidence, that this as opposed to a Motion in Limine is probably an objection for lack of relevance. Is that correct counsel?

DC: That's another way of putting it Your Honor. *Lack of relevance as well as unfair prejudice.*

(Emphasis added.) The military judge deferred ruling on this motion.

On September 30, 1985, the motion was argued again. The prosecution disclosed that four other pornographic books discovered at the same time were not to be offered in evidence by the Government. As for the contested books, in relevant part, the military judge entered the following ruling:

Now concomitant with that is the secondary motion of a Motion in Limine. This is two-fold, although I find the search to have been a reasonable legal search, *the issue remains before us whether* the three books, those being, "Degraded, Delighted Daughter," "Chained Youth," and the "Whore Makers," *are relevant to the proceeding before us. I am deferring my ruling on the admissibility of these three books until such time as both sides have concluded the presentment of their evidence.* In other words I am not considering it solely for rebuttal, but I am going to observe the status of the evidence until before making a determination as to whether I will allow these three items into evidence.

(Emphasis added.)

On October 1, 1985, the prosecution rested their case. Defense counsel thereupon requested an Article 39(a), UCMJ, 10 USC § 839(a), session and asked the military judge if he had "reached a ruling on the admissibility of the books in question?" The following colloquy ensued:

MJ: Does either counsel have any further input on the admissibility of Prosecution Exhibits 6, 7, and 8 for identification?

DC: We do not, Your Honor.

TC: No sir.

MJ: Now defense counsel correct me if I am wrong, but from the tenor of some motions and cross-examination as I would view it, some degree of the essence of the defense case to be, that these offenses never occurred and that the alleged victim, [K], is other than a truthful person. Is that correct?

ADC: One moment please, Your Honor. Sir, in attempting to answer the judge's inquiry, defense is trying to weigh exactly how it plans tactically to do its case. *Whether or not to put any evidence on, and at this time at least, defense does not believe that we can answer that question with any degree of certainty.*

MJ: Well haven't we asked questions during cross-examination pertaining to whether she has had problems with truthfulness?

ADC: I believe we have asked questions trying to test whether or not she is telling the truth, to that extent, yes.

MJ: And I believe there have been motions, such as bringing up shoplifting and the fact that she lied about shoplifting, areas such as this. Is that correct?

ADC: I believe the prosecution has made a Motion in Limine anticipating that we would bring those up and at this point, at least tactically speaking, we are not saying that we necessarily would try to elicit truth and veracity information from any witnesses because *we don't know at this point whether we plan to put any evidence on. That was wholly contingent sir on your ruling on these books.*

MJ: Do you mean counsel, that as of right now tactically you don't know what your case is going to consist of, even though you are going to have to start it in about 10 minutes?

ADC: Sir, that is absolutely correct. *Based on what we've seen today, we would like to look over the evidence and talk with our client and decide whether or not he would like to testify, all these tactical considerations that would go into whether to put evidence on or not put evidence on, we have not made those yet.*

MJ: Very well counsel as pertains to Prosecution Exhibits 6, 7 and 8 for identification. Obviously I have given considerable thought to this over the past month and the two days that we've been here, and I would concur with defense counsel I think it has a considerable amount of impact. *I feel that considering the specific intent of some of the lesser included offenses,* such as attempt to commit sodomy and perchance indecent assaults with the specified specific intent to satisfy one's sexual gratification, *that the Prosecution exhibits do in fact have a relevance and a bearing upon intent in this case.* Further, as I perceive it, from the questions that have been asked on cross-examination is we are talking about the credibility of the alleged victim, [K], as such I feel that there would be opportunity upon rebuttal and perchance from what has been brought up *so far to allow these books in as to her credibility, although these specific books are not alleged to have been utilized during, before any sex attack they are consistent with her testimony of dirty movies, dirty records and magazines.* I have specifically considered the potential prejudicial impact in accordance with MRE 403 and I find that the relevance overcomes any possible prejudice. I will of course instruct the members of the court as to the sole use that they can apply these books to. Further in considering the admissibility of these three particular books is upon the allegations that most specifically these events occurred as recent as 25 April 1985 and further events on the 27th April 1985, I find that the books being

found during a search accomplished on the 30th April 1985, have a direct nexus in time. That the books were further recovered from an area that is alleged to be one of the three crime scenes and that the contents of the books are totally consistent with the concept of intent. Prosecution Exhibits 6, 7 and 8 for identification are admitted as Prosecution Exhibits 6, 7 and 8 respectively. Are there other issues counsel?

(Emphasis added.)

The military judge then allowed the Government to reopen its case and introduce the challenged evidence. Then the following exchange occurred:

TC: Your Honor, the prosecution has nothing further. At this time we rest again.

MJ: Defense, would you request at this time, since trial counsel has provided us with some detail of the Prosecution Exhibits–4, 6, 7, and 8, that the court members be instructed upon their utilization, or would you prefer to wait until a later date?

DC: We prefer that it be done at this time.

MJ: Very well. Members of the court, as I have admitted into evidence, Prosecution Exhibits, 6, 7, and 8, which you have not heard, but you've heard the titles of these particular paperback books, there is the possibility that some people could, per chance, be offended by the subject matter of these books. I want to bring your attention and emphasize that the possession of these books is not illegal. There is nothing alleged by the prosecution that there is anything about the substance or the books themselves which is illegal. I have admitted these books for the sole purpose, for a very limited purpose, and the only purpose which you could consider these books for or any evidence that they might have to tend to prove or disprove a specific intent of which I will instruct you later as to some of the lesser included of-

fenses, that would be the attempt to commit a certain crime or the intent to satisfy sexual gratification. The intent would be the only reason that you can consider these books to determine whether it tends to prove or disprove that intent. You may not conclude from this evidence that the accused is a bad person, a person of bad moral character, or otherwise inclined to commit these or any other crimes.

Finally, the military judge in his closing instructions to the members reminded them as follows of the limited use of the challenged evidence:

I want to direct your attention to the Prosecution Exhibits–6, 7 and 8, once again, and I want to emphasis to you the very limited purposes for which I have allowed these three exhibits into evidence in this trial. They may be considered by you for the one limited purpose of their tendency, if any, to either prove or disprove the intent of the lesser included offenses as to assault with the specific intent to commit rape or the specific intent to gratify sexual desires. You may not consider this evidence for any other purpose, and you may not conclude from this evidence that the accused is a bad person, a person of bad morals, has criminal tendencies, and that he therefore committed the offenses as charged.

----

The defense by means of a motion in limine attempted to prevent the prosecution from introducing evidence that tended to show appellant possessed child-related sex material in his home around the time of some of his alleged sex offenses against his minor daughter. See RCM 906(b)(13), Manual for Courts–Martial, United States, 1984. The challenged evidence consisted of testimony from Agent Meduna that three paperback books were found in the Orsburns' residence on April 30, 1985. Moreover, the books themselves were admitted into evidence and had titles which to different degrees reasonably suggested sex with children. Appellate defense counsel ar-

gues that this government evidence was inadmissible under several related rules of evidence, and its improper admission at this court-martial denied appellant a fair trial.

The legal basis for the defense's evidentiary arguments both at trial and on appeal is Mil.R.Evid. 404(b), Manual, *supra*, which states:

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Appellant stops short of asserting that the military judge directly violated this rule. In other words, he does not claim the judge admitted the challenged evidence to show that he was a sexual pervert and thus probably committed the charged sexual offenses. Instead, he contends that the military judge erred in holding this evidence was relevant to show his intent at the time of the charged offenses, an evidentiary purpose permitted by Mil. R. Evid. 404(b). Consequently, he argues the members could only have considered this evidence to show his sexual character or disposition. In the alternative, he asserts that, even if this evidence was relevant to show his intent at the time of the charged offenses, intent was not an issue in this case so as to permit its admission under Mil.R.Evid. 404(b). Finally, he asserts that, even if the challenged evidence was admissible to show intent in this case, this evidence was so volatile or unduly prejudicial that its admission was barred by Mil.R.Evid. 403.

■ Appellant's initial argument on relevance was fully considered by the judge and the Court of Military Review. He basically asserts that a connection or direct relationship was not established between these books and himself, the alleged victim, or the alleged crimes. *See* Mil.R.Evid. 401 and 402. We disagree and join the military judge and the court below in rejecting this argument. *See generally United States v. Mann, supra.*

Appellant was found guilty and stands guilty today of raping his minor daughter on divers occasions between August 10, 1984, and April 24, 1985, at Luke Air Force Base, Arizona. He also was found guilty of sodomizing his daughter in various ways during this same period and at this same place as well as on April 27, 1985. He was also charged with carnal knowledge on these occasions for which he was found not guilty. Lesser offenses of the above crimes include indecent assault and indecent acts on a child, which the members were instructed on by the military judge. *See* para. 45d(1)(c) and (2)(a), as well as para. 51(d)(1)(b) and (d)(3)(a), Part IV, Manual, *supra*. A specific "intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of" an accused is an element of these lesser offenses. Para. 87b(1)(d) and 2(e), as well as para. 63b(2), Part IV, Manual, *supra*.

■ The military judge has the initial responsibility to determine whether evidence is relevant within the meaning of Mil.R.Evid. 401. We will not overturn his decision on these matters unless it is a clear abuse of discretion. Here the alleged sexual offenses with the accused's daughter purportedly occurred at his home on Luke Air Force Base between August 1984 and April 27, 1985. The challenged books, dealing with sex with children or young girls (*see Osborne v. Ohio*, —— U.S. ——, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990)), were found at the situs of the alleged sexual offenses, around the time of these offenses, and in an area under at least partial control of appellant. These circumstances were a sufficient basis for the judge to find the challenged evidence tended to show appellant had the requisite sexual desires for conviction of the lesser-included offenses. *United States v. Mann, supra. See Simon v. State*, 743 S.W.2d 318, 324 (Tex. App.—Houston [1st Dist.] 1987); *State v. Fletcher*, 174 Kan. 530, 256 P.2d 847, 848–49 (1953); *People v. Herman*, 97 Cal.App.2d 272, 217 P.2d 440 (2 Dist.1950).

Nevertheless, appellant asserts that, because of the unambiguous nature of the charged acts, his intent at the time of their commission was never a real or material issue in this case. In other words, if he engaged in sexual intercourse or sodomy with his daughter as alleged, there would be no question of his intent in doing these acts. *See People v. Hansen*, 708 P.2d 468, 471 (Colo.App.1985); *People v. Kelley*, 66 Cal.2d 232, 57 Cal.Rptr. 363, 372, 424 P.2d 947, 956 (1967). *See generally People v. McDonald*, 542 N.Y.S.2d 42, 150 A.D.2d 805 (2d Dept.1989). Therefore, he suggests that admission of the challenged evidence in the Government's case in chief or at any time for this purpose was a sham and not authorized by Mil.R.Evid. 404(b). *See generally United States v. Reynolds*, 29 MJ 105, 110 (CMA 1989); *United States v. Cuellar*, 27 MJ 50 (CMA 1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989). We disagree with this argument in the present case for several reasons.

First, we note that the military judge initially stated that he would not rule on admissibility of the books until both sides presented their cases. However, it was defense counsel who insisted that the judge rule at the close of the prosecution's case. *United States v. White*, 25 MJ 50, 52 (CMA 1987). Second, defense counsel refused to commit himself at that time on the issue of intent or provide any assurances to the judge that he would not dispute that issue. *See United States v. Webb*, 625 F.2d 709, 710 (5th Cir.1980). Third, there is a legitimate disagreement not only in the various United States Courts of Appeals, but also in the state courts, on whether the intent must be actually disputed before evidence of prior bad acts may be admitted by the Government to show intent. *See* cases cited in 2 Wigmore, *Evidence* §§ 307 and 360 (Chadbourn rev.1979). Fourth, the members could have partially disbelieved the victim and found that the acts of sexual

intercourse or sodomy were not committed by appellant but that he did engage in other conduct more ambiguous in nature.[2] Then intent would be a material issue in this case. *See generally United States v. Beahm*, 664 F.2d 414 (4th Cir.1981).

Appellant in his final argument suggests this sex-book evidence was so "emotional" or "repulsive" that its admission even for a valid purpose under Mil.R.Evid. 404(b) was unduly prejudicial. Mil.R.Evid. 403. We note that the judge specifically ruled on this question, and his decision should not be lightly disregarded. *See United States v. Abel*, 469 U.S. 45, 54–55, 105 S.Ct. 465, 470–471, 83 L.Ed.2d 450 (1984). Moreover, he twice instructed the members that they could consider the challenged evidence only on lesser offenses to those charged, which are not the subject of this appeal. In addition, the judge twice instructed the members that they could not consider this evidence to show appellant was a bad man and probably did the charged offenses. In the absence of evidence to the contrary, we must presume the members did not consider this evidence at all with respect to the findings of guilty before us. *See United States v. Ricketts*, 1 MJ 78 (CMA 1975). Accordingly, reversal on the basis of Mil.R.Evid. 403 is not warranted. *United States v. Owens*, 21 MJ 117, 124 (CMA 1985).

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (dissenting):

I dissent because I conclude that here the military judge abused his discretion by rejecting the argument that the probative value of the evidence as to the uncontested element of intent is substantially outweighed by its prejudicial effect. *See* Mil. R.Evid. 403, Manual for Courts–Martial, United States, 1984.

---

**2.** For example, appellant was found guilty of committing indecent acts under the original charges of rape and sodomy, in Additional Charges I and II. These charges, however, were dismissed on the basis of the statute of limitations; therefore, we need not consider admissibility of the challenged evidence with respect to them.