■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO LUKA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered January 8, 1990, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the

prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although there were some minor inconsistencies in the testimony of the complainant, it is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily issues to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant additionally contends that the court should have barred any cross-examination of him regarding a prior incident in which he shot at the fleeing car of a would-be robber (see, People v McDonald, 150 AD2d 805, 806; People v Molineux, 168 NY 264, 313; People v Hudy, 73 NY2d 40). Cross-examination of the defendant on this subject was unnecessary since it failed to establish any element of the crimes under consideration. Nor did this evidence constitute one of the recognized exceptions to the general rule of exclusion (see, People v Alvino, 71 NY2d 233; People v Lewis, 69 NY2d 321; People v McDonald, 150 AD2d 805, supra). While cross-examination on this subject should not have been permitted, we find that the error was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230; Penal Law § 35.15 [2] [a]).

We additionally find that the court properly prevented the defendant from calling another witness for the sole purpose of testifying about the complainant's alleged threats to the defendant in the months following the shooting incident. This evidence was not relevant to proving the objective reasonableness of the defendant's conduct at the time of the shooting (see, Penal Law § 35.15 [2] [a]; People v Goetz, 68 NY2d 96, 105-107), and as a result, the court's limitation was a proper exercise of discretion (see, People v Pavao, 59 NY2d 282, 288-289; Richardson, Evidence §§ 491, 504 [Prince 10th ed]). We find that the defendant's remaining contentions are either unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Pons, 68 NY2d 264, 267; People v Wooten, 149 AD2d 751; People v Suitte, 90 AD2d 80, 83). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.