IN THE CASE OF


UNITED STATES, Appellee

v.

Joie L. GILES, Operations Specialist Third Class
U.S. Navy, Appellant

No. 97-0051

Crim. App. No. 95-0903

United States Court of Appeals for the Armed Forces

Argued December 10, 2003

Decided April 15, 2004


EFFRON, J., delivered the opinion of the Court, in which
GIERKE, BAKER, and ERDMANN, JJ., joined. CRAWFORD, C.J., filed
a dissenting opinion.


Counsel


For Appellant:  Major Anthony C. Williams, USMC (argued).


For Appellee:  Captain Glen R. Hines, Jr., USMC (argued);
    Commander Robert P. Taishoff, JAGC, USN (on brief).



Military Judge:  C. R. Hunt



THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

The present appeal involves the second time we have reviewed Appellant's case. At the first trial, a general court-martial composed of officer and enlisted members convicted Appellant, contrary to her pleas, of two drug-related attempt offenses in violation of Article 80, Uniform Code of Military Justice, [hereinafter UCMJ], 10 U.S.C. § 880 (2000). She was sentenced to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved these results, and the Navy-Marine Corps Court of Criminal Appeals affirmed in an unpublished opinion. On appeal, our Court set aside the findings and sentence on the grounds that the military judge erroneously denied a challenge for cause, and a rehearing was authorized. United States v. Giles, 48 M.J. 60 (C.A.A.F. 1998).

Following our decision, a rehearing was conducted before a special court-martial composed of officer and enlisted members. Appellant was convicted, contrary to her pleas, of the two original drug-related attempt offenses under Article 80, as well as a perjury charge under Article 131, UCMJ, 10 U.S.C. § 931 (2000). She was sentenced to a bad-conduct discharge. The convening authority approved these results, and the Navy-Marine Corps Court of Criminal Appeals affirmed the findings and

2

United States v. Giles, No. 97-0051/NA

sentence.  United States v. Giles, 58 M.J. 634 (N-M. Ct. Crim.
App. 2003).  Our Court granted review of the following issues:

> I.   WHETHER THE LOWER COURT ERRED BY
>      FAILING TO FIND THAT THE MILITARY JUDGE
>      FAILED TO PREVENT A MANIFEST INJUSTICE
>      AND ABUSED HIS DISCRETION BY REFUSING
>      TO SEVER THE PERJURY CHARGE FROM THE
>      TRIAL ON THE MERITS OF THE ORIGINAL
>      DRUG CHARGES.
>
> II.  WHETHER THE LOWER COURT ERRED BY
>      FAILING TO FIND THAT THE EVIDENCE OF
>      APPELLANT'S GUILT TO CHARGE II
>      (PERJURY) IS LEGALLY AND FACTUALLY
>      INSUFFICIENT BECAUSE THE GOVERNMENT
>      FAILED TO PROVE BEYOND A REASONABLE
>      DOUBT THAT THE FIRST TRIAL HAD BEEN
>      PROPERLY CONSTITUTED.

For the reasons set forth below, we conclude that the
military judge erred in ruling on the severance motion
referenced in Issue I and on related matters, and that such
errors were prejudicial.  See Article 59(a), UCMJ, 10 U.S.C.
§ 859(a) (2000).  In light of our holding, we need not address
the remaining questions under Issue II.

## I. APPELLANT'S FIRST COURT-MARTIAL

At Appellant's first court-martial, Appellant was charged
with two offenses, attempted possession and attempted
distribution of controlled substances, both in violation of
Article 80.  The prosecution's evidence consisted primarily of
testimony that Appellant intended to purchase an illegal

3

substance.  In the course of the trial, Appellant stated that she had purchased a weight loss ingredient, and she denied that she believed, suspected, or knew that the item was an illegal substance.  As noted supra, Appellant was convicted of both offenses by general court-martial, but the conviction was set aside on appeal.


## II. APPELLANT'S SECOND COURT-MARTIAL

1.  The relationship between the drug charges and the perjury charge

After our Court set aside Appellant's original conviction, the Government referred the same two drug-related specifications to a special court-martial.  To prevail on the drug-related specifications, the prosecution was required to convince the court-martial panel, beyond a reasonable doubt, that Appellant had purchased a substance with the intent to obtain and distribute an illegal substance.  See Manual for Courts-Martial, United States (2002 ed.), Part IV, para. 4 [hereinafter MCM].

The Government also added a perjury charge, as follows:

> In that Operations Specialist Third Class
> Joie L. Giles, U.S. Navy, Transient
> Personnel Unit, San Diego, California, on
> active duty, having taken a lawful oath in a
> trial by general court-martial of United
> States v. Giles that she would testify
> truly, did, at or near Naval Station
> Treasure Island, California, on or about 21
> September 1994 willfully, corruptly, and
> contrary to such oath, testify falsely in
> substance that she did not believe, suspect

> or know that the substance she purchased on
> or about 15 March 1994 was lysergic acid
> diethylamide, which testimony was upon a
> material matter and which she did not then
> believe to be true.

To obtain a conviction on the perjury charge, the prosecution was required to convince the court-martial panel, beyond a reasonable doubt, that: (1) Appellant took an oath in a court-martial entitled United States v. Giles (the first court-martial); (2) the oath was required by law; (3) the oath was administered by a person authorized to do so; (4) Appellant willfully testified that she did not believe, suspect, or know that the substance was an illegal substance; (5) the testimony was material to Appellant's first court-martial; (6) the testimony was false; and (7) Appellant did not believe that the testimony was true at the time she testified in her first court-martial. See MCM at Part IV, para. 57.(b).(2).

As a practical matter, the perjury charge was dependent upon the drug-related specifications. The heart of the charged falsehood was the allegation that Appellant knew, believed, or suspected that she had been provided with an illegal substance, and that she lied when she said that she did not believe, suspect, or know that the item was an illegal substance. If the prosecution could not prove the two drug-related specifications – which required that Appellant knew, believed, or suspected that she was obtaining an illegal substance -- it could not

5

prevail on the perjury charge.  The perjury charge was also dependent upon the record of Appellant's earlier court-martial. If the prosecution could not introduce the relevant portions of an official record of the earlier proceeding, then it could not prevail on the perjury charge.

The interlocking evidentiary requirements presented complications not present in a normal rehearing on specifications of attempted possession or attempted distribution of illegal drugs.  In such a typical rehearing, evidence of an earlier conviction for the same offense normally would be inadmissible when the conviction had been set aside on appeal. See Military Rules of Evidence 401, 403, 609.  In the present case, however, interjection into the proceedings of the separate perjury charge required the Government to introduce evidence of a trial in which Appellant was convicted without allowing such evidence to spill over and prejudice Appellant's right to a fair trial on the drug offenses.

2.  The severance motion

During pretrial proceedings at Appellant's second court-martial, the defense brought this problem to the attention of the military judge through a motion to sever the perjury charge from the drug-related specifications.  As a matter of policy, "[o]rdinarily, all known charges should be tried at a single court-martial."  Rule for Courts-Martial 906(b)(10) discussion

[hereinafter R.C.M.].  As a matter of law, a party may move for trial of designated offenses at a separate court-martial through a motion for "[s]everance of offenses, but only to prevent manifest injustice."  R.C.M. 906(b)(10).

The military judge agreed with the defense that it was important to protect the interests of the defense from the prejudice that would result from placing the prior conviction into evidence, and sought to accomplish that through an amendment to the charge sheet.  In particular, the military judge required the Government to amend the charges by deleting the words "of United States [v.] Giles," and by striking the word "general" before "court-martial."  The military judge also stated that the defense could be protected with a proper limiting instruction that did not mention that Appellant was the accused at the prior trial or that she was convicted at the prior trial.  On that basis, the military judge concluded that severance was not required to preclude a manifest injustice.

3.  The motion to restrict the prosecution's evidence

Following the military judge's ruling on the severance motion, the defense then moved to preclude the prosecution from referring to Appellant's first court-martial.  The military judge granted the defense motion in part, incorporating the views he expressed during consideration of the severance motion.  According to the military judge, the prosecution could proceed

so long as "the government not refer to a conviction, the government not refer to the prior testimony as being a case involving U.S. v. Giles, and there's no reason to refer to it as being a general court-martial.  It could just be referred to as a court-martial."  The military judge added that the changes would eliminate the defense concern that the members would necessarily infer that Appellant was the accused in the prior court-martial, and would permit them to infer "that the prior testimony was in someone else's court-martial."   The prosecution agreed with the limitations imposed by the military judge.

The ruling by the military judge on the defense motions reflected his recognition that there were three potentially prejudicial aspects of the evidence concerning the prior court-martial: (1) that it was a general court-martial; (2) that Appellant was the accused at that court-martial; and (3) that the prior court-martial convicted Appellant of the same drug-related specifications that were the subject of Appellant's new trial.

4.  The impact of the military judge's ruling on the perjury charge

During trial on the merits, the prosecution realized that the prohibition on referring to Appellant as the accused in the prior court-martial would preclude introduction of evidence necessary to show the materiality of the alleged false statement

8

– evidence critical to an essential element of the charged crime of perjury.  Over defense objection, the military judge modified his ruling, and permitted the prosecution to refer to Appellant as the accused in the prior trial.  The military judge retained the prohibition on mentioning that the trial resulted in a conviction, as well as the prohibition on referring to the prior trial as a general court-martial.  The military judge also indicated that he would offer limiting instructions at the appropriate time to address the defense concerns.

5.  The limiting instruction

The prosecution subsequently introduced documentary evidence to prove the perjury charge, including the cover sheet from the record of the first trial which identified Appellant as the accused.  The document also contained a handwritten black mark, which redacted the level of court-martial.  The document, which stated that the case was tried in September 1994, contained one stamp identifying it as a "case before USCMR Panel No. 2" and another stamp marking it "Received 17 March 1995."

The military judge instructed the members that the documentary evidence "has been admitted for your consideration on the elements of the specification under Charge 2, perjury, and for that limited perjury charge only."  The military judge then said: "You are directed that, in making your determination [with respect to the drug-related specifications], that you may

not consider that there has been a prior court-martial proceeding." He added: "You are also directed that you may not speculate or draw any inference adverse to the accused regarding possible results of a prior court-martial proceeding."

6. Questions from the court-martial panel interpreting the evidence of Appellant's prior court-martial

Shortly after the military judge directed the members to limit their consideration of Appellant's prior court-martial, the president of the panel submitted written questions to the military judge that reflected precisely the type of speculation that the military judge had sought to discourage through his instructions. The president's handwritten note contained the following series of questions:

> 1. It is my understanding that a special court-martial may or may not be a verbatim report depending upon the sentence adjudicated. If a discharge is involved a verbatim report is required. If no discharge [is] sentenced then it [is] not required by law to be verbatim. What happen[ed] in the 1994 Special Court[-]Martial[?]
>
> 2. Does a five year statute of limitations apply here?
>
> 3. Raise the issue about a speedy trial[?] [W]hy 4 more years before brought to trial.
>
> 4. Why a second court[-]martial over nearly the same charges – does double jeopardy apply?

Although the president's inquiry reflected an understanding on the part of the panel's senior member that the first trial

10

United States v. Giles, No. 97-0051/NA

may well have resulted in a decision to discharge Appellant, the military judge declined to address the substance of these very pointed questions.  Instead, the military judge simply repeated his earlier instruction limiting the scope of permissible consideration with respect to the prior court-martial.  He asked the members whether they understood the instruction, and he obtained an affirmative response from all members.  He repeated the same instruction prior to deliberations, and obtained affirmative responses from the members when he asked them whether they understood the instruction and whether they could adhere to it.

## III. DISCUSSION

Under R.C.M. 906(b)(10), a military judge is required to grant a severance motion when necessary to avoid a "manifest injustice."  We review such a decision for an abuse of discretion.  United States v. Duncan, 53 M.J. 494, 497-98 (C.A.A.F. 2000).  If the motion has been denied, the appellant must demonstrate more than the fact that separate trials would have provided a better opportunity for an acquittal.  Id.  The appellant must show that the ruling caused actual prejudice by preventing the appellant from receiving a fair trial.  Id.  In conducting such a review, we apply the test articulated in United States v. Curtis, 44 M.J. 106, 128 (C.A.A.F. 1996):

11

(1)  Do the findings reveal an impermissible crossover of evidence?

(2)  Would the evidence of one offense be admissible proof of the other?

(3)  Did the military judge provide a proper limiting instruction?

The Government's decision to try the perjury charge at the rehearing on the underlying drug-related specifications instead of ordering a separate trial created a substantial risk of impermissible crossover.  The military judge initially attempted to address this problem by limiting the prosecution's use of perjury evidence.  His later modification of that ruling significantly vitiated its effect, as illustrated by his interchange with the president of the court-martial panel.  The questions raised by the president of the panel, based on the evidence admitted under the military judge's modified ruling, reflected a well-founded suspicion that Appellant had been tried previously by a court-martial on the very charges that were now being considered, and that the prior court-martial had sentenced her to a discharge.

The pointed questions raised by the president of the panel should not have come as a surprise to the military judge in light of the training and experience provided to military commanders.  A military commander is responsible for maintaining

good order and discipline within his or her unit. Military commanders not only exercise law enforcement powers, they also exercise considerable responsibility for the administration of military justice as forwarding and convening authorities. The military services typically provide commanders with training in military justice on a regular basis, both in the field and in professional military education courses. As a result, it is not unusual for a commander to become reasonably well-versed in military law. The questions posed by the president of the court-martial in this case demonstrated that the senior member of the panel had a reasonable basis for concluding that Appellant had been tried, convicted, and sentenced to a discharge for the same drug-related specifications that were now under consideration. While the panel member did not know why another trial was being held, the evidence before the panel and the instructions of the military judge provided no basis for the panel member to understand that there had been anything deficient in the prior verdict.

This is not the case of a surprise development at trial, or an unanticipated evidentiary ruling in the midst of complex testimony. The defense twice advised the military judge of exactly what was going to happen, both in the motion for severance and in the motion to restrict the prosecution's evidence. The defense warned the military judge that

Appellant's right to a fair trial on the drug-related specifications would be undermined by the perjury charge, because the members would figure out that Appellant was being tried for the very same charges on which she had previously been convicted. The questions by the president of the panel demonstrated that the defense had good grounds for this concern.

Despite these concerns, the military judge permitted the Government to introduce evidence on the perjury charge under which the members could reasonably conclude that Appellant had been tried and convicted in the first trial of the same drug-related specifications that were before them in the second trial. They also could reasonably conclude that something had happened between the first and second trials to convince the Government that Appellant had lied at the first trial when she denied that she had knowingly purchased an illegal substance. Under these circumstances, the perjury evidence was both irrelevant and highly prejudicial to Appellant's right to receive a fair trial on the drug-related specifications. The instructions by the military judge -- which he repeated without any meaningful amplification after the president of the court-martial identified the prejudicial nature of the evidence -- simply told the members to suspend their understanding of the basic mechanics of the military justice system. As such, the instructions were insufficient to prevent a manifest injustice.

14

United States v. Giles, No. 97-0051/NA

Under the facts of this case, the rulings by the military judge
on both pretrial motions and evidentiary objections produced
errors that caused actual prejudice and prevented the accused
from receiving a fair trial.


IV. CONCLUSION

The decision of the United States Navy-Marine Corps Court
of Criminal Appeals is reversed.  The findings and the sentence
are set aside.  The record of trial is returned to the Judge
Advocate General of the Navy.  Rehearings may be ordered in
accordance with this opinion.

CRAWFORD, Chief Judge (dissenting):

Military justice strongly disfavors the severance of known charges. For this reason, a military judge should grant a severance request only to avoid "manifest injustice." The military judge in this case abated the potential for manifest injustice through a preferred, less drastic remedy than severance: narrowly restricting the Government's use of the perjured testimony, and giving three comprehensive limiting instructions to the members to focus their consideration of the testimony. These remedial actions ensured that Appellant did not suffer manifest injustice from joinder of the two charges at a single court-martial. Accordingly, I respectfully dissent from the lead opinion.

There is a "general policy in the military favoring trial of all known charges at a single court-martial." United States v. Southworth, 50 M.J. 74, 76 (C.A.A.F. 1999)(quoting Manual for Courts-Martial, United States (1998 ed.), Analysis of Rules for Courts-Martial at A21-53). See also Rule for Courts-Martial 601(e)(2) discussion ("Ordinarily, all known charges should be referred to a single court-martial."). Indeed, "unified sentencing by a court-martial favors joining all known offenses into a single trial, thus exposing the accused to only one sentence for his criminal misconduct, rather than a series of separate sentences." United States v. Haye, 29 M.J. 213, 215

United States v. Giles, No. 97-0051/NA

(C.M.A. 1989).  Nevertheless, an accused may file a motion to sever charges in order "to prevent manifest injustice."  R.C.M. 906(b)(10).  Under this rule, the military judge may sever charges to avoid "impermissible spillover [of evidence] in various ways from the proof of one offense into the trial of another offense" that would otherwise deny an accused the right to a fair trial.  United States v. Duncan, 53 M.J. 494, 497 (C.A.A.F. 2000).

To determine whether severance is required to prevent manifest injustice, the court considers whether the findings reflect an impermissible spillover of prejudice from one charge to the other; whether the evidence of one offense would be admissible proof of the other; and whether the military judge provided a proper limiting instruction.  United States v. Curtis, 44 M.J. 106, 128 (C.A.A.F. 1996).

> [A]n abuse of discretion will be found only where the defendant is able to show that the denial of a severance caused him actual prejudice in that it prevented him from receiving a fair trial; it is not enough that separate trials may have provided him with a better opportunity for an acquittal.

Duncan, 53 M.J. at 497 (quoting United States v. Alexander, 135 F.3d 470, 477 (7th Cir. 1998))(emphasis added).  Importantly, appropriate remedial actions and limiting instructions by the military judge may abate the prejudicial effect of any spillover, and thereby prevent manifest injustice.  Id. at 498

2

(finding no manifest injustice when "the military judge gave limiting instructions three times to the members to consider these offenses separately" and "took steps to bifurcate the presentation of evidence and argument by the prosecution to avoid the risk of impermissible spillover"); Haye, 29 M.J. at 215 (noting that "particularly with good instructions" the danger of prejudice is less likely); United States v. Hogan, 20 M.J. 71, 73 (C.M.A. 1985)("chances of [the members] cumulating the evidence . . . substantially diminished" by proper limiting instructions from military judge).

Applying these standards to the case at bar, I would find that even if there was a spillover of evidence, and even if evidence of the perjury offense would not have been admissible as evidence of the drug offense, the military judge's remedial actions and substantial limiting instructions prevented manifest injustice. See Duncan, 53 M.J. at 497. Accordingly, I would hold that the military judge did not abuse his discretion in refusing to sever the perjury charge from trial on the merits of the original drug charge.

When Appellant argued at trial that the evidence on the perjury charge would improperly bolster the Government's case on the drug-related offenses, the military judge disagreed. Nevertheless, the judge expressed his intention to provide the members with an appropriate spillover instruction, as well as a

cleansed charge sheet omitting any mention of the following facts: the Appellant was the accused in the earlier court-martial proceeding where the perjury occurred; the proceeding was specifically a general court-martial; and that Appellant was convicted at that proceeding. The judge later modified this ruling and permitted trial counsel to explain to the members that a prior court-martial involving Appellant had taken place, but forbade counsel to mention that the trial was a general court-martial or that Appellant had been convicted. In taking these steps, the military judge restricted the Government's use of the perjured testimony at trial, thereby ensuring the Government divulged to the members extremely limited information about the first trial.

Moreover, in keeping with his word, the military judge gave three separate limiting instructions that the evidence of Appellant's testimony at her prior court-martial was to be considered solely for the perjury charge and that the fact that she had been tried earlier could not be considered for any purpose in determining her guilt on the current drug-related offenses. The judge gave the first limiting instruction after the Government rested its case:

> The prosecution has introduced evidence, Prosecution Exhibit 4, which you will obtain a copy of in just a moment, containing the accused's testimony at a prior court-martial proceeding. There have also been other references during this trial about that. This

evidence has been admitted for your consideration on the elements of the specification under Charge 2, perjury, and for that limited perjury charge only.

You are directed that, in making your determination as to whether the accused is not guilty or guilty of Specifications 1 and 2 of Charge I, attempted wrongful possession and distribution of lysergic acid diethylamide, that you may not consider that there has been a prior court-martial proceeding. You are also directed that you may not speculate or draw any inference adverse to the accused regarding possible results of a prior court-martial proceeding.

You are directed that you must base your findings on Specifications 1 and 2 of Charge I only on the evidence that is submitted before this court, and you may not consider any other matters whatsoever.

The judge repeated the instruction when the president of

the court proposed questions about the transcript of the

original court-martial. The judge stated:

Now, I'm going to give you an instruction that I've given you earlier in this case. The prosecution, during this trial, produced evidence, Prosecution Exhibit 4, containing the accused's testimony at a prior court-martial proceeding. There have been other references to a prior court-martial. This evidence has been admitted for your consideration on the elements of the specification under Charge II, perjury, and for that limited purpose only.

You are directed that, in making your determination as to whether the accused is not guilty or guilty of Specifications 1 and 2 of Charge I, attempted wrongful possession and distribution of lysergic acid diethylamide, that you may not consider that there has been a prior court-martial proceeding. You are also directed that you may not speculate or draw any inference adverse to the accused regarding possible results of a prior court-martial proceeding. You are directed that you must base your findings on Specifications 1 and 2 of Charge I only on the

5

evidence that is admitted before this court, and you may not consider any other matters whatsoever.

Do the members understand that instruction?

Affirmative response from all members.

Finally, the military judge gave the limiting instruction a third time, just prior to member deliberations:

The prosecution has introduced, Prosecution Exhibit 4, containing the accused's testimony at a prior court-martial proceeding.  There have been other references to a prior court-martial.  This evidence has been admitted for your consideration on the elements of the specification under Charge II, perjury, and for that limited purpose only.

You are directed that, in making your determination as to whether the accused is not guilty or guilty of Specifications 1 and 2 of Charge I, attempted wrongful possession and distribution of lysergic acid diethylamide, that you may not consider that there has been a prior court-martial proceeding.  You are also directed that you may not speculate or draw any inference adverse to the accused regarding the possible results of a prior court-martial proceeding.

You are directed that you must base your findings on Specifications 1 and 2 of Charge I only on the evidence that is admitted before this court, and you may not consider any other matters whatsoever.

Do the members clearly understand this instruction?

That's an affirmative response from all members.

Will the members be able to follow this instruction?

Affirmative response from all members.

The military judge therefore restricted the extent to which the Government could address Appellant's first trial.  The judge also gave comprehensive limiting instructions, on three

6

different occasions, directing the members that the evidence from the first court-martial could be considered solely for the perjury charge, and that the fact that Appellant testified in a prior court-martial could not be considered for any purpose in determining her guilt on the current drug-related offenses. This Court should be "confident that the military members were able to follow their instructions to consider [the offenses] separately." Duncan, 53 M.J. at 498. See United States v. Orsburn, 31 M.J. 182, 188 (C.M.A. 1990)(noting that absent evidence to the contrary, we presume the members followed the judge's instructions). In short, the judge's remedial actions, including his substantial limiting instructions, focused the members on the proper use of the perjury evidence, and in so doing abated the prejudicial impact of any spillover. See Duncan, 53 M.J. at 498.

Based on the general policy in the military against severance, the combined well-known facts of this case, the limiting instructions on three separate occasions, and the members' affirmative response that they would follow these instructions, I would dissent.