CRAWFORD, Chief Judge
(dissenting):
Military justice strongly disfavors the severance of known charges. For this reason, a military judge should grant a severance request only to avoid “manifest injustice.” The military judge in this case abated the potential for manifest injustice through a preferred, less drastic remedy than severance: narrowly restricting the Government’s use of the perjured testimony, and giving three comprehensive limiting instructions to the members to focus their consideration of the testimony. These remedial actions ensured that Appellant did not suffer manifest injustice from joinder of the two charges at a single court-martial. Accordingly, I respectfully dissent from the lead opinion.
There is a “general policy in the military favoring trial of all known charges at a single court-martial.” United States v. Southworth, 50 M.J. 74, 76 (C.A.A.F.1999)(quoting Manual for Courts-Martial, United States (1998 ed.), Analysis of Rules for Courts-Martial at A21-53). See also Rule for Courts-Martial 601(e)(2) discussion (“Ordinarily, all known charges should be referred to a single court-martial.”). Indeed, “unified sentencing by a court-martial favors joining all known offenses into a single trial, thus exposing the accused to only one sentence for his criminal misconduct, rather than a series of separate sentences.” United States v. Haye, 29 M.J. 213, 215 (C.M.A.1989). Nevertheless, an accused may file a motion to sever charges in order “to prevent manifest injustice.” R.C.M. 906(b)(10). Under this rule, the military judge may sever charges to avoid “impermissible spillover [of evidence] in various ways from the proof of one offense into the trial of another offense” that would otherwise deny an accused the right to a fair trial. United States v. Duncan, 53 M.J. 494, 497 (C.A.A.F.2000).
To determine whether severance is required to prevent manifest injustice, the *380 court considers whether the findings reflect an impermissible spillover of prejudice from one charge to the other; whether the evidence of one offense would be admissible proof of the other; and whether the military-judge provided a proper limiting instruction. United States v. Curtis, 44 M.J. 106, 128 (C.A.A.F.1996).
[A]n abuse of discretion will be found only where the defendant is able to show that the denial of a severance caused him actual prejudice in that it prevented him from receiving a fair trial; it is not enough that separate trials may have provided him with a better opportunity for an acquittal.
Duncan, 53 M.J. at 497 (quoting United States v. Alexander, 135 F.3d 470, 477 (7th Cir.1998))(emphasis added). Importantly, appropriate remedial actions and limiting instructions by the military judge may abate the prejudicial effect of any spillover, and thereby prevent manifest injustice. Id. at 498 (finding no manifest injustice when “the military judge gave limiting instructions three times to the members to consider these offenses separately” and “took steps to bifurcate the presentation of evidence and argument by the prosecution to avoid the risk of impermissible spillover”); Haye, 29 M.J. at 215 (noting that “particularly with good instructions” the danger of prejudice is less likely); United States v. Hogan, 20 M.J. 71, 73 (C.M.A.1985)(“chances of [the members] cumulating the evidence ... substantially diminished” by proper limiting instructions from military judge).
Applying these standards to the case at bar, I would find that even if there was a spillover of evidence, and even if evidence of the perjury offense would not have been admissible as evidence of the drug offense, the military judge’s remedial actions and substantial limiting instructions prevented manifest injustice. See Duncan, 53 M.J. at 497. Accordingly, I would hold that the military judge did not abuse his discretion in refusing to sever the perjury charge from trial on the merits of the original drug charge.
When Appellant argued at trial that the evidence on the perjury charge would improperly bolster the Government’s case on the drug-related offenses, the military judge disagreed. Nevertheless, the judge expressed his intention to provide the members with an appropriate spillover instruction, as well as a cleansed charge sheet omitting any mention of the following facts: the Appellant was the accused in the earlier court-martial proceeding where the perjury occurred; the proceeding was specifically a general court-martial; and that Appellant was convicted at that proceeding. The judge later modified this ruling and permitted trial counsel to explain to the members that a prior court-martial involving Appellant had taken place, but forbade counsel to mention that the trial was a general court-martial or that Appellant had been convicted. In taking these steps, the military judge restricted the Government’s use of the perjured testimony at trial, thereby ensuring the Government divulged to the members extremely limited information about the first trial.
Moreover, in keeping with his word, the military judge gave three separate limiting instructions that the evidence of Appellant’s testimony at her prior court-martial was to be considered solely for the perjury charge and that the fact that she had been tried earlier could not be considered for any purpose in determining her guilt on the current drug-related offenses. The judge gave the first limiting instruction after the Government rested its case:
The prosecution has introduced evidence, Prosecution Exhibit 4, which you will obtain a copy of in just a moment, containing the accused’s testimony at a prior court-martial proceeding. There have also been other references during this trial about that. This evidence has been admitted for your consideration on the elements of the specification under Charge 2, perjury, and for that limited perjury charge only.
You are directed that, in making your determination as to whether the accused is not guilty or guilty of Specifications 1 and 2 of Charge I, attempted wrongful possession and distribution of lysergic acid diethylamide, that you may not consider that there has been a prior court-martial proceeding. You are also directed that you *381 may not speculate or draw any inference adverse to the accused regarding possible results of a prior court-martial proceeding. You are directed that you must base your findings on Specifications 1 and 2 of Charge I only on the evidence that is submitted before this court, and you may not consider any other matters whatsoever.
The judge repeated the instruction when the president of the court proposed questions about the transcript of the original court-martial. The judge stated:
Now, I’m going to give you an instruction that I’ve given you earlier in this case. The prosecution, during this trial, produced evidence, Prosecution Exhibit 4, containing the accused’s testimony at a prior court-martial proceeding. There have been other references to a prior court-martial. This evidence has been admitted for your consideration on the elements of the specification under Charge II, perjury, and for that limited purpose only. You are directed that, in making your determination as to whether the accused is not guilty or guilty of Specifications 1 and 2 of Charge I, attempted wrongful possession and distribution of lysergic acid diethylamide, that you may not consider that there has been a prior court-martial proceeding. You are also directed that you may not speculate or draw any inference adverse to the accused regarding possible results of a prior court-martial proceeding. You are directed that you must base your findings on Specifications 1 and 2 of Charge I only on the evidence that is admitted before this court, and you may not consider any other matters whatsoever.
Do the members understand that instruction?
Affirmative response from all members.
Finally, the military judge gave the limiting instruction a third time, just prior to member deliberations:
The prosecution has introduced, Prosecution Exhibit 4, containing the accused’s testimony at a prior court-martial proceeding. There have been other references to a prior court-martial. This evidence has been admitted for your consideration on the elements of the specification under Charge II, perjury, and for that limited purpose only.
You are directed that, in making your determination as to whether the accused is not guilty or guilty of Specifications 1 and 2 of Charge I, attempted wrongful possession and distribution of lysergic acid diethylamide, that you may not consider that there has been a prior court-martial proceeding. You are also directed that you may not speculate or draw any inference adverse to the accused regarding the possible results of a prior court-martial proceeding.
You are directed that you must base your findings on Specifications 1 and 2 of Charge I only on the evidence that is admitted before this court, and you may not consider any other matters whatsoever.
Do the members clearly understand this instruction?
That’s an affirmative response from all members.
Will the members be able to follow this instruction?
Affirmative response from all members.
The military judge therefore restricted the extent to which the Government could address Appellant’s first trial. The judge also gave comprehensive limiting instructions, on three different occasions, directing the members that the evidence from the first court-martial could be considered solely for the perjury charge, and that the fact that Appellant testified in a prior court-martial could not be considered for any purpose in determining her guilt on the current drug-related offenses. This Court should be “confident that the military members were able to follow their instructions to consider [the offenses] separately.” Duncan, 53 M.J. at 498. See United States v. Orsburn, 31 M.J. 182, 188 (C.M.A.1990)(noting that absent evidence to the contrary, we presume the members followed the judge’s instructions). In short, the judge’s remedial actions, including his substantial limiting instructions, focused the members on the proper use of the perjury *382 evidence, and in so doing abated the prejudicial impact of any spillover. See Duncan, 53 M.J. at 498.
Based on the general policy in the military against severance, the combined well-known facts of this case, the limiting instructions on three separate occasions, and the members’ affirmative response that they would follow these instructions, I would dissent.