**UNITED STATES, Appellee,**

v.

**Clyde LEVITT, Staff Sergeant U.S. Marine Corps, Appellant.**

**No. 66,640.**
**NMCM 90 0302.**

U.S. Court of Military Appeals.

Argued Feb. 13, 1992.

Decided Sept. 14, 1992.

For Appellant: *Lieutenant James R. Crisfield, Jr.,* JAGC, USNR (argued); *Major Gregory S. Warner,* USMC, and *Captain Michael K. Schaller,* USMC (on brief).

For Appellee: *Major Laura L. Scudder,* USMC (argued); *Colonel T.G. Hess,* USMC (on brief); *Commander Thomas W. Osborne,* JAGC, USN.

*Opinion of the Court*

SULLIVAN, Chief Judge:

During October of 1989, appellant was tried by a special court-martial composed of officer and enlisted members at Marine Corps Air Station, Beaufort, South Carolina. Contrary to his pleas, he was found guilty of larceny of a subordinate Marine's diamond ring, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, restriction for 30 days, forfeiture of two-thirds pay per month for 1 month, and reduction to pay grade E–1. On January 8, 1990, the convening authority approved the adjudged sentence and

stated the forfeiture as $465.00 per month for 1 month. On February 26, 1991, the Court of Military Review affirmed the findings and the approved sentence in an unpublished opinion.

On October 1, 1991, this Court granted review on the following question of law:

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S SUBSTANTIAL PREJUDICE BY ALLOWING TRIAL COUNSEL TO INTRODUCE EVIDENCE OF UNCHARGED MISCONDUCT IN VIOLATION OF MIL. R.EVID. 404.

We hold that the military judge did not violate Mil.R.Evid. 404(b), Manual for Courts–Martial, United States, 1984, when he permitted the prosecution to introduce uncharged-misconduct evidence in rebuttal to the defense evidence of a non-larcenous intent. *See United States v. Orsburn*, 31 MJ 182, 188 (CMA 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1074, 112 L.Ed.2d 1179 (1991); *United States v. Trimper*, 28 MJ 460, 467(CMA), *cert. denied*, 493 U.S. 965, 110 S.Ct. 409, 107 L.Ed.2d 374 (1989).

Appellant was charged and found guilty of stealing a diamond ring belonging to a junior enlisted Marine, Lance Corporal Martin. It was not disputed at trial that, on May 3, 1989, appellant without permission took this diamond ring from a box inside an unlocked secretary in the victim's locked room. Despite his initial denials that he took this ring, on May 25, 1989, he returned this ring to a criminal investigator, asserting that he took it as a trick on Martin.

At trial, the defense contended that appellant took the ring pursuant to a custom of the Marine Corps of teaching junior enlisted Marines to safeguard and secure their property. Besides evidencing the averred custom noted above, the defense introduced evidence that appellant had twice temporarily taken pieces of jewelry from other Marines but later returned these items to them. Lance Corporal James testified for the defense that two gold chains were taken from his desk in April of 1989. He further testified that

several weeks later, around the middle of May 1989, appellant returned them to him with counseling on safeguarding his property. Sergeant Jones also testified that in November of 1988, a diamond ring he had left on his work desk was missing. He testified that he discovered this ring 5 to 10 minutes later, and appellant in late May 1989 told him he took it to teach him "a lesson."

In response to this evidence, the Government offered its own evidence of a third incident in which appellant took still a third junior enlisted Marine's ring and then returned it several weeks later without any counseling and only after commencement of an investigation into the charged offense. The defense objected to admission of evidence about this third incident and now argues that its admission was prejudicially erroneous.

The particularly challenged evidence in this case was testimony from Lance Corporal Shawn Jackson. He testified that he worked with appellant in the mess hall. He further stated that he gave appellant a ride in his car in early May. He stated that a gold ring was in his car at that time but he could not locate it after the ride. He also stated that in late May he gave appellant a second ride in his car and discovered the missing ring. He finally stated that appellant asked him, "Did you get your ring?" At that time, in late May of 1989, an investigation had already begun looking into appellant's involvement in the taking of Private Martin's ring.

Trial counsel explained his reason for calling this rebuttal witness in the following discussion concerning admission of this witness' testimony:

MJ: How many witnesses do you have?

TC: It depends on the judge's ruling with respect to Lance Corporal Jackson, sir. That's for one matter. There are two other witnesses.

MJ: With regard——

TC: Well, there is one other witness, sir, I'm sorry.

MJ: And, again, with Jackson's testimony, he's going to testify——

TC: *That his property was taken by Staff Sergeant Levitt out of his car, that it was returned after Staff Sergeant Levitt talked to CID and admitted having taken Lance Corporal Martin's ring, sir.*

MJ: And the purpose for this testimony is——

TC: *Is to show intent under [Mil.R.Evid.] 404(b) because the defense has certainly placed his intent to permanently deprive in issue here, and——*

MJ: What's the defense's position?

DC: Your Honor, the defense does not believe that that demonstrates that testimony as outlined by the Government, is evidence of any intent in this charge today.

MJ: *Well, I think you've opened the door with testimony of Lance Corporal James and Sergeant Jones that would indicate that.* I guess the defense's reason for putting that on is to show that this type of conduct has been—the accused has performed these types of acts in an effort to teach these Marines a lesson. I think it's relevant under 404(b). I weighed the prejudicial effect against the probative value and *it would appear that the probative value would be such that it might very well impact upon the intent and his past pattern of conduct that you've expressed.* Any other further comments with regard to that?

TC: No, Your Honor.

(Emphasis added.)

The military judge later discussed use of this testimony with counsel as follows:

With regard to the instruction on other offenses or misconduct by the accused, I think the instruction could properly be worded something to the effect defense has offered the testimony of Lance Corporal James and Sergeant Jones as evidence that the accused may have taken property of other Marines. This evidence may be considered by you for the limited purpose of its tendency, if any, to establish the accused's intent not to permanently deprive, not to permanently or temporarily deprive Lance Corporal Martin of the ring in question. The Government has introduced testimony of Lance Corporal Jackson to rebut the issue of innocent taking raised by the defense. This evidence may not be considered for any purposes, for any other purpose, and you may not conclude from this evidence that the accused is a bad person or has criminal tendencies or that he, therefore, committed the offense charged.

Comments by either counsel with regard to that instruction?

TC: That's fine, sir.

MJ: By the——

DC: No comments, Your Honor. That's acceptable.

He then instructed the members as follows:

Now, the defense offered evidence in the form of testimony by Lance Corporal James and Sergeant Jones that the accused may have taken property of other Marines. This evidence may be considered by you for the limited purpose of its tendency, if any, to establish the accused's intent not to permanently deprive or to temporarily appropriate Lance Corporal Martin's ring in this question, or, the ring in question.

*The Government introduced Lance Corporal Jackson's testimony to rebut this issue of innocent taking raised by the defense.* You may not consider this evidence for any purpose other than that, and you may not conclude from this evidence that the accused is a bad person or has criminal tendencies, or that he, therefore, committed the offense charged, so, you can use that evidence presented by Lance Corporal James, Sergeant Jones, and Lance Corporal Jackson only with regard to the intent issue and that's all. You can't infer from that evidence that

Staff Sergeant Levitt took the ring in question in this case.

(Emphasis added.)

---

Mil.R.Evid. 404(b) states:

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Appellate defense counsel asserts that the testimony of Lance Corporal Jackson about his missing ring was inadmissible under this rule. He particularly claims that this "testimony does not legally show that appellant committed any crime." He also argues that it was "not legally relevant to the offense with which appellant was charged." Finally, he claims that the members were permitted to infer from this testimony that appellant stole Private Martin's ring as charged because he had earlier stolen Lance Corporal Jackson's ring. Final Brief at 3.

I

■ Turning first to the question of legal sufficiency, we note that appellant makes two related attacks on the Government's evidence of uncharged misconduct. First, he asserts that Lance Corporal Jackson's testimony did not show that a crime occurred. Second, he asserts that, if a crime was shown to have occurred, it was not established that appellant committed it. We disagree.

■ Admittedly, no direct evidence that appellant stole Lance Corporal Jackson's ring was presented at this court-martial. *See* RCM 918(c), Discussion, Manual, *supra.* However, direct evidence is not necessary, and circumstantial evidence may be utilized to meet the preponderance-of-evidence standard required for admission of uncharged-misconduct evidence. *See Hud-*

*dleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). *See generally United States v. Mathai,* 34 MJ 33, 37 (CMA 1992); *United States v. Blocker,* 32 MJ 281, 285 (CMA 1991). Here, Jackson's testimony, viewed in the light most favorable to the Government (*see United States v. Mirandes–Gonzalez,* 26 MJ 411, 414 (CMA 1988)), showed that his ring was missing for about a month and that appellant had the unique opportunity not only to take it but to return it as well. This evidence was an adequate basis for a reasonable member to find by a preponderance of the evidence not only that Jackson's ring was stolen but that appellant did it. *See United States v. Odegard,* 25 MJ 140 (CMA 1987), *cert. denied,* 484 U.S. 1061, 108 S.Ct. 1017, 98 L.Ed.2d 982 (1988); *United States v. Dicupe,* 21 MJ 440 (CMA), *cert. denied,* 479 U.S. 826, 107 S.Ct. 101, 93 L.Ed.2d 52 (1986).

II

■ Appellant's second attack on this uncharged-misconduct evidence is that its only evidentiary purpose was to characterize him as a thief in order to unfairly induce his conviction on the charged offense. He broadly asserts that Lance Corporal Jackson's testimony concerning his ring had no lawful relevance in a trial concerning Private Martin's ring and its theft. We again disagree.

Article 121 defines the offenses of larceny and wrongful appropriation as a matter of military law as follows:

(a) Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind-

(1) *with intent permanently to deprive or defraud* another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny; or

(2) *with intent temporarily to deprive or defraud* another person of the

use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, is guilty of wrongful appropriation.

(b) Any person found guilty of larceny or wrongful appropriation shall be punished as a court-martial may direct.

(Emphasis added.)

Under this statute, if appellant intended to permanently deprive Lance Corporal Martin of his ring, he could be found guilty of the more serious offense of larceny with its more onerous punishment. *See* para. 46e(1) and (2), Part IV, Manual, *supra.* Moreover, the defense here aggressively disputed the issue of intent by introducing evidence that appellant on two prior occasions temporarily took property from other junior Marines to teach them lessons about securing their property. *See* para. 46c(1)(f).* Accordingly, appellant's possessory intent was a critically contested issue at this court-martial. *See generally Estelle v. McGuire,* —— U.S. ——, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *United States v. Orsburn,* 31 MJ at 188. *Cf. United States v. Gamble,* 27 MJ 298, 304–05 n.3 (CMA 1988), citing *Thompson v. United States,* 546 A.2d 414, 415 (D.C.App.1988).

Of course, the mere fact that intent was a contested issue in this case did not make any evidence which the prosecution proffered relevant on this question. *See generally United States v. Gamble, supra* at 304; *United States v. Brannan,* 18 MJ 181, 185 (CMA 1984). However, the defense in this case had already introduced evidence of two other incidents of temporary takings of property from junior Marines followed by return of the property, appellant's acknowledgement of the takings and his counseling of the Marines on

properly securing their property. Its purpose in introducing this evidence was to show appellant likewise did not intend to permanently deprive Private Martin of his diamond ring when he took it. *See* Mil. R.Evid. 404(b). *See generally* 2 Wigmore, *Evidence* § 302 at 241 (Chadbourn rev. 1979).

The challenged prosecution evidence was directly related to this defense's case that appellant had no larcenous intent in taking Lance Corporal Martin's ring. It showed a third incident of taking from a subordinate Marine a short time before the charged offense where appellant did not acknowledge taking the ring, did not counsel the Marine on securing his property, and returned it only after an investigation had begun against him on another theft. Such evidence clearly weakened or undermined the defense's factual basis for inferring a less-culpable or non-larcenous intent on appellant's part in these types of takings. Accordingly, it was admissible under Mil. R.Evid. 404(b). *See United States v. Rappaport,* 22 MJ 445, 447 (CMA 1986); *United States v. Watkins,* 21 MJ 224, 227 (CMA) (Cox, J.), *cert. denied,* 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986).

### III

■ Finally, on the question of undue prejudice, we find appellant's argument most unpersuasive. *See* Mil.R.Evid. 403. First, as noted above, we conclude that the challenged uncharged-misconduct evidence was admitted for a proper rebuttal purpose at appellant's court-martial. *See United States v. Abel,* 469 U.S. 45, 56, 105 S.Ct. 465, 471, 83 L.Ed.2d 450 (1984). Second, the military judge properly instructed the

---

* (iii) *Special situations.*

(A) *Motive does not negate intent.* The accused's purpose in taking an item ordinarily is irrelevant to the accused's guilt as long as the accused had the intent required under subparagraph c(1)(f)(i) above. For example, if the accused wrongfully took property as a "joke" or "to teach the owner a lesson" this would not be a defense, *although if the accused intended to return the property, the accused would be guilty of wrongful appropriation, not*

larceny. When a person takes property intending only to return it to its lawful owner, as when stolen property is taken from a thief in order to return it to its owner, larceny or wrongful appropriation is not committed.
(Emphasis added.) This explanation of these offenses is consistent with the decisions of this Court in *United States v. Johnson,* 17 MJ 140 (CMA 1984), and *United States v. Kastner,* 17 MJ 11 (CMA 1983).

members on the limited purpose of this evidence and expressly prohibited them from finding appellant guilty because the challenged evidence showed he was a bad person. *See Huddleston v. United States*, 485 U.S. at 691–92, 108 S.Ct. at 1502. Finally, the challenged rebuttal evidence had substantially the same effect as testimony from a defense witness with respect to the undermining of appellant's temporary-taking theory. *See United States v. Munoz*, 32 MJ 359, 365 (CMA), *cert. denied*, — U.S. ——, 112 S.Ct. 437, 116 L.Ed.2d 456 (1991). The defense witness, Sergeant Jones, earlier admitted on cross-examination that appellant acknowledged taking his ring to teach him a lesson some 7 months after its taking and only after inception of a criminal investigation against appellant for another theft. Undue prejudice in this context is illusory.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.