UNITED STATES, Appellee,

v.

Sean C. SWEENEY, Airman Basic,
U.S. Air Force, Appellant.

No. 97–0542.
Crim.App. No. 32026.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 18, 1997.

Decided May 28, 1998.

For Appellant: *Colonel Douglas H. Kohrt* (argued); *Lieutenant Colonel Kim L. Sheffield* and *Captain Michael L. McIntyre.*

For Appellee: *Captain Mitchel Neurock* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief).

## Opinion of the Court

SULLIVAN, Judge:

During September of 1995, appellant was tried by a general court-martial composed of members at Pope Air Force Base, North Carolina. Contrary to his pleas, he was found guilty of disobedience of a base commander's "bar" order,[1] signing two false official records, carrying a concealed weapon, and stalking his estranged wife, in violation of Articles 92, 107, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 907, and 934, respectively. He was sentenced to a dishonorable discharge and confinement for 3 years and 6 months. On January 8, 1996, the convening authority approved the adjudged sentence. On January 17, 1997, the Court of Criminal Appeals affirmed the findings and the discharge but reduced the approved confinement to 24 months.

On August 4, 1997, this Court granted review on the following issue:

WHETHER THE MILITARY JUDGE ERRED IN ALLOWING THE PROSECUTION TO PRESENT THE TESTIMONY OF APPELLANT'S EX–WIFE, MELANIE PARKER, UNDER MIL. R.EVID. 404(b).

We hold that the military judge did not abuse his discretion in admitting evidence of appellant's threatening conduct toward his first wife for the limited purpose of showing his subsequent intent to frighten his second wife. *See United States v. Fulmer,* 108 F.3d 1486, 1502 (1st Cir.1997); *see also United States v. Reynolds,* 29 MJ 105, 110 (CMA 1989).

Appellant was found guilty, *inter alia,* of "stalking" his second wife, Senior Airman (SrA) Taisha Sweeney, at Pope AFB, in violation of North Carolina General Statute, Chapter 14, Section 277.3,[2] and Article 134. The specification of which he was found guilty states:

SPECIFICATION 2: In that [appellant] did, at Pope Air Force Base, North

(1) With the intent to cause emotional distress by placing that person in reasonable fear of death or bodily injury;

(2) After reasonable warning or request to desist by or on behalf of the other person; and

(3) The acts constitute a pattern of conduct over a period of time evidencing a continuity of purpose.

*See generally* Melissa P. Phipps, *North Carolina's New Anti–Stalking Law: Constitutionally Sound, but Is It Really a Deterrent?* 71 N.C.L.Rev.1933 (1993). This law was substantially amended in 1997.

---

1. The "Order Not to Reenter Pope Air Force Base, North Carolina," was issued on March 20, 1995, by the Commander, Pope Air Force Base. (Pros. Ex. 2). This order was issued after appellant's earlier court-martial on January 1, 1994, at Maxwell Air Force Base, Alabama, for different offenses, and after his release from confinement on March 14, 1995.

2. N.C.GEN.STAT. § 14–277.3 (1992) states:
   (a) Offense.—A person commits the offense of stalking if the person willfully on more than one occasion follows or is in the presence of another person without legal purpose:

Carolina, after reasonable warning or request to desist by or on behalf of Senior Airman Taisha M. Sweeney, between on or about 1 March 1995 and on or about 4 May 1995, with the intent to cause distress place Senior Airman Taisha M. Sweeney in reasonable fear of death or bodily harm by committing acts constituting a pattern of conduct over a period of time evidencing a continuity of purpose, to wit: attempting to gain entrance to her room, by wrongfully posting derogatory statements about her in public places, and willfully damaging her car, in violation of North Carolina General Statute Chapter 14, Section 277.3, as assimilated by Title 18 United States Code, Section 13.

Evidence in this case shows that appellant and Taisha Sweeney were married in April of 1992. It further shows that, as a result of appellant's removal from Officer Training School for cheating and his court-martial in 1994, his marriage began to deteriorate. His wife, Taisha, a member of the Air Force, filed for divorce in January or February 1995. She told appellant at that time to stop calling and writing her both at home and at the office, but he continued to do so on a daily basis. She refused to meet with him when he returned to Pope AFB after serving his court-martial sentence of confinement and being placed on appellate leave. She also asked the Commander of her base to bar him from that base, which he did. She finally met appellant at the Visitor's Center of this base and, in the presence of a senior airman and two military policemen, gave him a copy of a proposed separation agreement. The alleged misconduct subsequently occurred between March and May 1995, during this period of domestic turmoil.

Additional prosecution evidence was admitted by the trial judge showing misconduct by appellant in 1990 or 1991 against Melanie Parker, his first wife. It was admitted "for the limited purpose of its tendency, if any, to prove that the accused intended to cause emotional distress to SrA Taisha Sweeney by continuing to contact or follow her after they were separated." That evidence showed or tended to show that appellant and Melanie Parker had a relationship beginning in 1984,

which was renewed in 1987 and resulted in a child and marriage in 1989. After 1 1/2 years, appellant's marriage to Melanie Parker was about to be terminated by divorce, which he opposed. At that time, he continuously attempted to keep in contact with her, despite her protests. Evidence was also admitted to show that appellant, at that time, entered his first wife's house without her consent; that, after being rejected by her, he jumped on her car, banged the windows, and screamed at her and her children in that car; that he also damaged her car by placing stones in the oil system; and finally, that he parked his car in her neighborhood in a surreptitious fashion.

The military judge, in his closing instructions, told the members that the prosecution must prove, *inter alia,* that appellant followed or was in the presence of Taisha Sweeney on more than one occasion and that he "committed acts of harassment or vandalism" against her. The particular acts, alleged by the prosecutor, were attempting to gain entrance to the victim's dormitory room, wrongfully posting derogatory comments about her in public places, and damaging her car. The military judge further instructed the members that the prosecution was required to show that appellant did these acts purposefully and with the specific intent to cause "emotional distress to SrA Taisha Sweeney by placing her in reasonable fear of death or bodily harm." Finally, he instructed the members that uncharged-misconduct evidence concerning appellant's first wife could be considered in determining his intent in harassing his second wife.

— — —

Appellant initially attacks the trial judge's evidentiary ruling, concerning his purported misconduct toward Melanie Parker, on the basis that the prosecution failed to prove by a preponderance of the evidence that this misconduct had occurred. *See generally Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). He particularly calls our attention to the circumstantial nature of the Government's proof that he put stones in the oil pan of Melanie

Parker's car and that he parked his car, unannounced, "down the street" from her house after their separation. He argues that no direct or conclusive evidence was ever presented that he tampered with his first wife's car or otherwise harassed her.

■ We note that the standard of proof required for admission of other acts of misconduct under Mil.R.Evid. 404(b), Manual for Courts–Martial, United States (1995 ed.), is less than the standard required for a finding of guilty. For evidence of uncharged acts to be admissible, the military judge does not need to find that the misconduct occurred; rather, the military judge merely decides whether "the evidence reasonably support[s] a finding by the court members that appellant committed" the misconduct. *United States v. Dorsey*, 38 MJ 244, 246 (CMA 1993); *United States v. Cuellar*, 27 MJ 50, 54 (CMA 1988). Moreover, we have not been provided with any authority that direct evidence, rather than circumstantial evidence, must be admitted to prove such conduct. *See United States v. Levitt*, 35 MJ 108, 111 (CMA 1992). The challenged evidence of uncharged misconduct presented in this case meets this standard.

■ Here, Ms. Parker personally testified as to the circumstances surrounding appellant's threatening conduct towards herself and her children. She also explained the circumstances surrounding the damaging of her car, appellant's access to that car, and his desire that she transport his car, not her car, overseas. Finally, she testified to directly observing a red sports car in her neighborhood which "matched his car perfectly," and that she had not previously seen such a car in her neighborhood. Uncontradicted testimony, both direct and circumstantial, is a legally-sufficient basis for the judge to present uncharged misconduct to the members. *See Dorsey*, 38 MJ at 245–46 (impeached testimony of witness sufficient); *see also United States v. Miller*, 46 MJ 63, 66 (1997)(corroborated evidence is sufficient).

■ Appellant next argues that the uncharged-misconduct evidence was not admissible at his court-martial because it was introduced on the issue of his intent to stalk,

an issue which he did not contest. *See United States v. Gamble*, 27 MJ 298, 305 (CMA 1988). He asserts that his defense counsel attacked the alleged victim's testimony that the charged misconduct occurred and sought to establish that she was never afraid for her life or bodily harm as required by the state stalking statute. He further notes that he did not testify in this case or call any defense witnesses. Thus, he argues that intent was not an issue raised by the defense, so the prosecution could not introduce uncharged misconduct on it. We disagree.

*United States v. Gamble, supra,* was decided before the Supreme Court decision in *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). There, the Supreme Court considered the question whether "battered child syndrome" evidence concerning the alleged victim in a murder case was admissible to show an accused's intent, even though he did not contest that issue. The Supreme Court rejected the argument that such evidence was inadmissible. It stated:

> The Court of Appeals, however, ruled that the evidence should have been excluded because McGuire did not raise the defense of accidental death at trial. But the prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense. In the federal courts, "[a] simple plea of not guilty ... puts the prosecution to its proof as to all elements of the crime charged." *Mathews v. United States*, 485 U.S. 58, 64–65, 108 S.Ct. 883, 887–88, 99 L.Ed.2d 54 (1988). Neither the Court of Appeals nor the parties have given us any reason to think that the rule is different in California. The evidence of battered child syndrome was relevant to show intent, and nothing in the Due Process Clause of the Fourteenth Amendment requires the State to refrain from introducing relevant evidence simply because the defense chooses not to contest the point.

502 U.S. at 69–70, 112 S.Ct. at 480–81. Accordingly, appellant's evidence-preclusion argument is without merit. *See United States*

*v. Franklin,* 35 MJ 311, 316–17 (CMA 1992) (prior-misconduct evidence to show intent not admissible "where intent is not contested *or* is not an element of proof of the charged offense")(emphasis added); *United States v. Spence,* 125 F.3d 1192, 1194 n. 2 (8th Cir. 1997); *United States v. Logan,* 121 F.3d 1172, 1178 (8th Cir.1997).

■ Appellant's third complaint against the judge's ruling is that the evidenced misconduct or acts concerning Melanie Parker had no relevance to his intent in doing the charged acts against Taisha Sweeney. *See generally* Mil.R.Evid. 401 and 402. He contends such evidence might have been relevant to establish his identity as the one who committed the charged acts, or as *modus operandi* evidence, but the military judge failed to instruct the members on these evidentiary purposes. *See* Mil.R.Evid. 404(b). Accordingly, he argues that the members probably used this uncharged misconduct as evidence of his bad character and convicted him on this basis alone in violation of Mil. R.Evid. 404(a). We again disagree.

As noted above, the members were required to decide whether appellant's alleged acts of harassment and vandalism were done with an intent to cause emotional distress to Taisha Sweeney by placing her in reasonable fear of death or bodily harm. The prosecution attempted to prove this intent to create such fear by showing that appellant had previously harassed his first wife, Melanie Parker, in a similar manner and in similar circumstances, and caused her to fear for her safety. We think appellant's conduct towards his first wife during their pending divorce was a highly relevant matter to consider in determining his intent with respect to similar conduct towards his second wife during their pending divorce. *See generally Reynolds,* 29 MJ at 110 (that appellant used the very same method to accomplish his sordid purposes on other occasions was extremely probative of a predatory *mens rea*).

■ More particularly, the above-noted acts of uncharged misconduct were directed against a spouse of appellant, as were the charged offenses. They were also done at a time when appellant knew that this spouse was seriously contemplating divorcing him, and he hoped to stop this legal action. This was likewise the situation for the charged offenses. Also, both the uncharged acts and the charged acts included wrongful entry of the spouse's home, damage to her automobile, and serious threats to the security of the estranged spouse's home and person. Finally, Melanie Parker testified that appellant's conduct did scare her and her children, the gravamen of the charged intent. Such evidence was "specially" relevant in determining appellant's later intent because it showed his awareness that such conduct directed towards an estranged spouse could reasonably be viewed as a "true threat." *See United States v. Fulmer,* 108 F.3d at 1502 (evidence of earlier hostile conduct towards other family members relevant to show intent to threaten another family member); *see generally United States v. Calderon,* 127 F.3d 1314, 1331 (11th Cir.1997)(adopting abuse of discretion standard for trial judge's relevance rulings concerning uncharged-misconduct evidence offered to show intent).

■ As a final matter, we note that appellant also suggests that trial counsel made an impermissible character argument in this case based on the challenged uncharged-misconduct evidence, even if it was admitted for a legitimate non-character purpose at his trial. In his closing argument, trial counsel repeatedly argued that appellant's misconduct with Melanie Parker showed that he was "obsessed" or had an obsession "to control his wives." (R. 259–260, 265) Such an argument, appellant suggests, can be viewed as an indirect appeal to convict him on the basis of this character flaw in violation of Mil.R.Evid. 404(a). *See Watkins v. Meloy,* 95 F.3d 4, 6–7 (7th Cir.1996).

We observe, however, that this argument was not objected to by defense counsel. *See* RCM 919(c), Manual, *supra* (waiver of objection to improper argument). Moreover, trial counsel did eventually focus his uncharged-misconduct argument on the question of appellant's intent as previously approved by the judge. *See Franklin,* 35 MJ at 316, 318. Finally, the military judge, with concurrence of defense counsel, instructed the members:

Evidence that the accused may have continued to contact or be near Ms. Parker after they were separated or divorced may be considered by you for the limited purpose of its tendency, if any, to prove that the accused intended to cause emotional distress to SrA Taisha Sweeney by continuing to contact or follow her after they were separated.

You may not consider this evidence for any other purpose and you may not conclude from this evidence that the accused is a bad person or has criminal tendencies and that he, therefore, committed the charged offenses.

We find no plain error on this basis. *See United States v. White,* 36 MJ 306, 308–09 (CMA 1993).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD and EFFRON concur.

GIERKE, Judge (concurring in the result):

I believe that the evidence showing that appellant had damaged Ms. Parker's car was relevant to show modus operandi and, thus, to identify appellant as the person who damaged SrA Sweeney's car. The remainder of his conduct toward Ms. Parker was of marginal relevance and objectionable as propensity evidence. The plain thrust of such evidence was to suggest that, because appellant reacted emotionally and vindictively to being rejected by Ms. Parker, he reacted similarly when he was rejected by SrA Sweeney. Under Mil.R.Evid. 404, such propensity evidence was, in my view, inadmissible. *See United States v. Walker,* 42 MJ 67, 71 (1995) ("[T]he prosecution is not allowed to show that a military accused ingested a drug in the past and, therefore, he probably did it on the charged occasion.").

Given the minimal probative value of the evidence, however, I am satisfied that admission of the evidence was harmless error. Accordingly, I concur in the result. Art. 59(a), UCMJ, 10 USC § 859(a).