UNITED STATES, Appellee

v.

Casey A. GAGAN, Lieutenant Commander, U.S. Navy, Appellant.

No. 94–1323.
CMR No. 92 2674.

U.S. Court of Appeals for the Armed Forces.

Argued May 16, 1995.
Decided Sept. 28, 1995.

For Appellant: *Lieutenant Eric C. Price,* JAGC, USN (argued); *Lieutenant Kent Tester,* JAGC, USNR (on brief).

For Appellee: *Lieutenant R.S. Kravis,* JAGC, USNR (argued); *Colonel J. Composto,* USMC, *Commander S.A. Stallings,* JAGC, USN, *Major A. Diaz,* USMC (on brief).

*Opinion of the Court*

WISS, Judge:

1. In July and August 1992 at Yokosuka, Japan, a general court-martial with members found appellant guilty, contrary to his pleas, of violating a general regulation by engaging in personal relationships with enlisted sailors (3 specifications), of forcible sodomy, of indecent assault, as well as of assault and battery, in violation of Articles 92, 125, 134, and 128, Uniform Code of Military Justice, 10 USC §§ 892, 925, 934, and 928, respectively. Appellant was sentenced to be dismissed from the Naval Service, to be confined for 1 year, and total forfeitures. The convening authority approved the sentence, and the Court of Military Review[1] affirmed.

1. *See* 41 MJ 213, 229 n.* (1994).

2. This Court granted review on the following issue:

WHETHER THE LOWER COURT ERRED WHEN IT FOUND THAT APPELLANT'S HETEROSEXUALITY IS NOT A PERTINENT CHARACTER TRAIT ADMISSIBLE UNDER MRE 404(a) TO SHOW THAT IT IS NOT PROBABLE THAT APPELLANT ENGAGED IN HOMOSEXUAL ACTS.

Now, we hold that the military judge and the Court of Military Review did err by concluding that evidence of appellant's heterosexual preference was not admissible under Mil. R.Evid. 404(a), Manual for Courts–Martial, United States, 1984. However, we are convinced beyond a reasonable doubt that this error was harmless, so we affirm.

I

3. Between November 1990 and April 1992, appellant, a maintenance officer for a Navy fighter squadron, socialized with enlisted sailors at bars and parties. On each of four separate occasions after drinking with a sailor, appellant induced his victim to go to his home or to a hotel, where appellant committed homosexual offenses including sodomy and indecent assault. In one incident, a sailor "awoke to find appellant performing fellatio on him." In three other incidents, appellant touched the chest, penis, or thigh of his victim in a sexually suggestive manner. Appellant testified on the merits, admitted a social relationship with each of the sailors, but denied the homosexual offenses. Answer to Final Brief at 1–4.

4. In a pretrial motion, defense counsel had moved to have the Government produce appellant's fiancee, Ms. A, who the defense proffered would testify to appellant's heterosexual preference. Appellant asserted that his heterosexual preference[2] was character evidence that made it much "less likely that he engaged in homosexual sodomy." In support of the motion, the defense made the following proffer: that Ms. A had known appellant for about 3 years and was appel-

2. Consistent with appellant's trial presentation of his sexuality as a "sexual preference," we will follow this convention.

lant's fiancee; that appellant's conduct never gave her any indication that he was a homosexual; and that they had enjoyed a regular heterosexual relationship. Nonetheless, the military judge denied the motion, stating he did "not believe that heterosexuality [was] a relevant character trait."

5. During trial, one of the victims made a specific reference regarding appellant's sexual preference. Aviation Electronics Technician First Class Rayburn testified on direct examination that he "thought" that appellant "might be a homosexual." The defense did not object to this testimony, however, and did not renew a witness request for Ms. A's testimony to rebut this assertion. Also, while he denied the alleged offenses in his testimony on their merits, appellant did not explicitly address the issue of his sexual orientation.

6. The Court of Military Review affirmed the decision of the military judge. The court held that "[t]estimony that the appellant engaged in consensual heterosexual acts with a partner or partners does not tend to prove that he did not commit an indecent assault or forcible sodomy upon someone else." Unpub. op. at 3. We granted review to address whether appellant's heterosexual preference was character evidence and, if so, whether exclusion of this evidence was prejudicial error.

## II

■ 7. Mil.R.Evid. 404(a) states in part:

(a) *Character Evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of the accused.* Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same[.]

This rule of evidence favors an accused, as it permits him to bolster his defense with evidence of his character in general or of a pertinent character trait. *United States v. Brown,* 41 MJ 1 (CMA 1994).

8. The power of character evidence cannot be underestimated. The Supreme Court long has recognized that, in some circumstances, character evidence alone "may be enough to raise a reasonable doubt of guilt," as "the jury may infer that" an accused with such a good character "would not be likely to commit the offense charged." *Michelson v. United States,* 335 U.S. 469, 476, 69 S.Ct. 213, 219, 93 L.Ed. 168 (1948); *Edgington v. United States,* 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896). Thus, admissibility of good character evidence is rooted in common observation and experience that a person who has uniformly pursued an honest and upright course of conduct will not depart from it and do an act inconsistent with it. 1A Wigmore, Evidence § 55 (Tillers rev. 1983).

■ 9. This Court consistently has reaffirmed the right of an accused to present good character evidence to bolster a defense. *See, e.g., United States v. Brown,* 41 MJ at 3 (appellant's strong opposition to use of drugs and alcohol as a matter of religious principle is "character evidence"); *United States v. Elliott,* 23 MJ 1, 5 (CMA 1986)(evidence of accused's "trusting nature" is admissible character evidence pertinent to larceny charges); *United States v. Vandelinder,* 20 MJ 41 (CMA 1985)("good military character" is admissible character evidence pertinent to drug charges); *United States v. Kahakauwila,* 19 MJ 60 (CMA 1984)(law-abidingness is admissible character evidence and pertinent to drug charges); *United States v. Clemons,* 16 MJ 44, 47 (CMA 1983)(lawfulness is admissible character evidence and pertinent to larceny charges).

10. These cases indicate that the definition of "character" has "two aspects. First," the "person has a *pattern* of repetitive behavior; hence, evidence of an instance of behavior is not 'character' evidence even though it would be possible to infer character from it. Second, ... the behavior is morally praiseworthy or condemnable; hence, evidence that a person is left-handed is not evidence of 'character' because it lacks the moral component." 22 Wright & Graham, Federal Practice and Procedure, Evidence § 5233 at 364

(1995 Supplement)(footnotes omitted; emphasis added).

11. Applying this test, we hold that appellant's heterosexual orientation was character evidence that was admissible under Mil.R.Evid. 404(a)(1). *See State v. Rivera*, 152 Ariz. 507, 733 P.2d 1090 (1987). First, evidence of appellant's sexual behavior in a heterosexual relationship was sufficient to demonstrate a pattern of repetitive behavior. Second, it is sufficient for our purposes merely to state that appellant's heterosexual behavior has a moral component that could be viewed as either morally praiseworthy or condemnable.[3] Therefore, we hold that evidence of appellant's heterosexual preference is character evidence permitted by Mil. R.Evid. 404(a)(1).

12. "It is well established that, upon a proper showing of necessity, an accused is entitled to" production of witnesses to support a defense. *United States v. Burnette*, 29 MJ 473, 475(CMA), *cert. denied*, 498 U.S. 821, 111 S.Ct. 70, 112 L.Ed.2d 43 (1990); RCM 703(b)(1), Manual, *supra*. We apply an abuse-of-discretion standard to review the military judge's ruling on a witness request. *See United States v. Roberts*, 10 MJ 308, 310 (CMA 1981); *United States v. Tangpuz*, 5 MJ 426, 429 (CMA 1978). In the present case, the judge's erroneous view that appellant's character evidence was inadmissible led to his erroneous denial of the defense request for Ms. A as a witness. *See, e.g., United States v. Brown*, 41 MJ 1; *United States v. Elliott*, 23 MJ 1 (CMA 1986); *United States v. Vandelinder*, 20 MJ 41 (CMA 1985).

13. The important question remains whether appellant was prejudiced unfairly by the judge's exclusion of this character evidence. Exclusion of such evidence is not *per se* prejudicial, and automatic reversal is not required by the exclusion of character evidence. *See United States v. Vandelinder, supra; cf. United States v. Angelini*, 678 F.2d 380, 382 (1st Cir.1982). As this Court has stated that exclusion of such evidence is

an error of constitutional dimension, the Government has the heavy burden to convince this Court that the error was harmless beyond a reasonable doubt. *United States v. Brown, supra.*

14. To evaluate the impact of the present error, we utilize the four-pronged test for prejudice set out in *United States v. Weeks*, 20 MJ 22, 25 (CMA 1985):

First: Is the Government's case against the accused strong and conclusive? *United States v. Lewis*, 482 F.2d 632, 644 (D.C.Cir.1973).

Second: Is the defense's theory of the case feeble or implausible? *United States v. Lewis, supra* at 646.

Third: What is the materiality of the proffered testimony? Is the question whether or not the accused was the type of person who would engage in the alleged criminal conduct fairly raised by the Government's theory of the case or by the defense? *Cf. Michelson v. United States*, 335 U.S. 469 [69 S.Ct. 213, 93 L.Ed. 168] (1948).

Fourth: What is the quality of the proffered defense evidence and is there any substitute for it in the record of trial?

(Footnote omitted.) Applying this test, we are convinced beyond a reasonable doubt that exclusion of the proffered character evidence was harmless to appellant.

15. First, the Government's case was strong and conclusive. Five enlisted sailors testified for the prosecution to support and corroborate the charges. They presented clear and unequivocal testimony. In fact, appellant's version of events was identical to theirs, except to the point of the charged offenses. Trial failed to disclose any motive by the accusers to lie, and there was no evidence of a conspiracy by the accusers to convict appellant.

16. Second, appellant's defense theory rested on his assertion that he enjoyed a regular heterosexual relationship with his fiancee, implying he did not have any homosexual inclinations that would result in these offenses. Yet, this theory fails to address

---

**3.** We were not asked to determine whether appellant's relationship with his fiancee was praise-

worthy or condemnable, and we decline to address that matter.

the possibility that appellant might have been bi-sexual and could welcome both heterosexual and homosexual encounters. *See United States v. Chadd,* 13 USCMA 438, 441, 32 CMR 438, 441 (1963). In addition, appellant's admitted intoxication during every charged encounter could have impaired his ability to conform his sexual activity to lawful conduct.

17. Third, his fiancee's testimony did not have direct relevance to the charges but was only inconclusive circumstantial evidence. Past and even current heterosexual activity by a person does not exclude possible participation in other sexual lifestyles. Accordingly, the possibility that appellant was bi-sexual rendered the proferred character evidence somewhat equivocal.

18. Finally, other defense evidence was an adequate substitute for the testimony of Ms. A. Both appellant and another witness indicated that he was engaged to Ms. A during the relevant period. The logical implication of this commitment was that appellant had a heterosexual preference. We note, as well, that appellant did not attempt in his own testimony to present his heterosexual relationship with his fiancee. His failure to raise these matters in his own testimony; his failure to object to the reference to him as a homosexual (¶ 5); and his failure to renew his request for the witness as possible rebuttal testimony undermine his claim that the judge's exclusion of character evidence thwarted a central defense strategy.

### III

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX and GIERKE concur.

CRAWFORD, Judge (concurring in the result):

19. I agree with the majority's holding that *if there was error in this case, it was harmless.* Based on this holding, I do not believe it necessary to address the issue of whether heterosexuality is a pertinent character trait. I would leave that question for another day. *See United States v. Brewer,* 43 MJ 43, 48 (1995) (Crawford, J., concurring in the result).