UNITED STATES, Appellee,

v.

Paul E. WHITNER, Sergeant,
U.S. Army, Appellant.

No. 98–0837.
Crim.App. No. 9501034.

U.S. Court of Appeals for
the Armed Forces.

Argued March 2, 1999.

Decided Sept. 24, 1999.

SULLIVAN, J., delivered the opinion of the Court, in which COX, C.J., CRAWFORD, and GIERKE, JJ., joined. EFFRON, J., filed an opinion concurring in part and in the result.

For Appellant: *Captain Scott A. De La Vega* (argued); *Colonel John T. Phelps II,* and *Lieutenant Colonel Adele H. Odegard* (on brief); *Major Holly S.G. Coffey.*

For Appellee: *Captain Kelly R. Bailey* (argued); *Colonel Russell S. Estey* and *Captain Mary E. Braisted* (on brief); *Lieutenant Colonel Eugene R. Milhizer.*

Judge SULLIVAN delivered the opinion of the Court.

During the Spring of 1995, appellant, an E–5, was tried by a general court-martial composed of officer and enlisted members at Fort Irwin, California. Contrary to his pleas, he was found guilty of "consensual" sodomy[1] and committing indecent acts with another soldier, an E–3, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. On June 15, 1995, he was sentenced to a bad-conduct discharge, total forfeitures, and reduction of E–1. On November 30, 1995, the convening authority approved the sentence except for a portion of the forfeitures. The Court of Criminal Appeals affirmed the findings of guilty and the approved sentence in an unpublished opinion dated February 10, 1997.

On September 28, 1998, the following issue was granted for review by this Court:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY ALLOWING INTO EVIDENCE PROSECUTION EXHIBITS 1, 2, AND 3B BECAUSE THESE MATERIALS WERE IRRELEVANT TO THE CHARGED OFFENSES AND BECAUSE THEIR PROBATIVE VALUE WAS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.

We hold that the military judge did not abuse his discretion in determining that the challenged homosexual-oriented videotape and magazine evidence was relevant and admissible at this court-martial. *See generally United States v. Rhea,* 33 MJ 413 (CMA 1991); *United States v. Orsburn,* 31 MJ 182 (CMA 1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1074, 112 L.Ed.2d 1179 (1991); *United States v. Mann,* 26 MJ 1(CMA), *cert. denied,* 488 U.S. 824, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988); *see also United States v. Acton,* 38 MJ 330 (1993), *cert. denied,* 510 U.S. 1112, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994).

This was a contested case of homosexual assault where the accused did not testify in his own behalf. Instead, his defense focused on the alleged victim's lack of credibility and the scientific impossibility of certain portions his testimony (*i.e.,* the sleeping-orgasm problem). The Court of Criminal Appeals found the following facts surrounding this trial.

The appellant was charged, inter alia, with forcible sodomy on another male soldier. The victim testified that he awoke in his own barracks room when the appellant was biting him on the stomach and sucking on his penis. The appellant said "God, you're beautiful" and fled from the room. Earlier in the evening, the appellant had invited the victim to sleep in his room.

When questioned by military law enforcement personnel about the incident, the appellant admitted he was bisexual, that he enjoyed oral sex with men, and that he owned homosexual literature and videotapes. He also stated that he found the victim attractive, but could not remember whether he had committed the alleged assault. The statement was admitted into evidence during the court-martial.

Following a consent search of the appellant's room, military authorities seized several sexually explicit magazines, catalogues, and videotapes. Over repeated defense objections, the military judge ad-

---

1. Consent is not an element of a sodomy offense in violation of Article 125. *See* para. 51e, Part IV, Manual for Courts–Martial, United States (1994 edition). Lack of consent, however, does authorize a more severe punishment. Note that

the maximum punishment for forcible sodomy was substantially increased effective December 9, 1994, *see* Manual, *supra* (1998 edition) at A25–24, which was after this offense was committed.

mitted a video catalog describing and depicting homosexual activity, a videotape showing two vignettes of homosexual oral sex (one of which was in a military setting), a pamphlet with explicit pictures and descriptions of a videotape entitled "Major Owens," and two sexually explicit homosexual magazines. The government offered the items into evidence under Military Rule of Evidence 404(b) [hereinafter Mil.R.Evid.] for motive and intent. The military judge based his ruling, in part, on design and plan.

Unpub. op. at 1–2.

The military judge in this case admitted the challenged videotape and related materials which had been seized during a consent search of appellant's barracks room on October 22, 1994. His ruling was over defense objection that such evidence was impermissible character evidence, irrelevant and its probative value, if any, was substantially outweighed by its undue prejudicial effect. He stated:

> Now, with respect to the items of real evidence seized from the accused's room, the court finds that, within the photographic materials, there exists the theme or depiction ... the theme of the photographic materials that were seized from the accused's room is a depiction of the nude male body and the accompanying textural written material further identifies this material as homosexual in nature, indicating male-and-male subject matter. Now, the video material, or the extract of the videotape which was played in court, depicts homosexual acts between males, predominantly performing fellatio.
>
> The defense has objected to this evidence as being character evidence and intermixing its objection as being 404(b) and character. The court finds that this is not character evidence and, as to it being covered by Military Rule of Evidence 404(b), the court finds that this is circumstantial evidence ... these exhibits may provide circumstantial evidence of motive and intent on the part of the accused and are probative on that basis.
>
> The defense has objected that these matters are also irrelevant. The court finds that they are relevant to show the requisite sexual desire of the accused, which is embodied within the offense charged or the lesser-included offenses.
>
> The defense has moved that the evidence should be excluded under Military Rule of Evidence 403. The court finds that its prejudicial effect does not outweigh its probative value and, accordingly, the exhibits are not inadmissible for the reasons urged by the defense, and the motion is denied.
>
> However, with regard to the video material, the court does sustain the objection with regard to the approximate last 15 to 30 seconds of the depiction in the last vignette, which apparently depicts the two individuals about to engage in anal intercourse. That has nothing to do with this case, so that portion shall be redacted from the videotape.

He reaffirmed this ruling later in the trial when he admitted, as government evidence, a pretrial statement of appellant acknowledging his bisexuality, more specifically admitting his prior engagement in oral sex and his finding men sexually attractive and the alleged victim "nice looking."

He did, however, instruct the members concerning the proper use of this videotape evidence, as follows:

> MJ: Very well, Prosecution Exhibits 1, 2, 4, and 5 for identification are received into evidence as Prosecution Exhibits 1, 2, 4, and 5.
>
> Now, members, these will be provided to you at the appropriate time in the trial. However, I would also want to caution you at this time, generally ... and I will reiterate this again at a later point ... that you may consider this evidence which has been admitted for the limited purpose of its tendency, if any, to prove a motive of the accused to engage in oral sodomy or to show a plan or design by the accused to sodomize or indecently assault another individual, and as evidence of its tendency, if any, to show the accused's sexual desires in these regards.

Now, you may not consider this evidence otherwise, for any other purpose. You cannot conclude from this evidence that the accused is, therefore, a bad person or that he has criminal tendencies and that he is, therefore, more likely to have committed the offenses charged.

Now, does each member understand this limiting instruction and the limited purposes for which you may consider this evidence?

(Affirmative response from each member.)

MJ: Apparently so.

He substantially repeated this instruction when the challenged videotape was admitted and played for the members, as well as during final instructions.

———

Appellant pleaded not guilty to various sex offenses (forcible sodomy and indecent assault) and related offenses (larceny, housebreaking, burglary) which involved homosexual acts with a subordinate servicemember in that servicemember's barracks room. He asserts that the sexually explicit, homosexual-oriented, materials seized from his own room in this same barracks were improperly admitted as evidence at his court-martial. He argues that this evidence was not relevant to any issue in his case. *See* Mil.R.Evid. 401–402, Manual for Courts–Martial, United States (1994 edition).[2] He also argues that, assuming some relevance for this evidence, its graphic depiction of homosexual sex unfairly exposed him to a significant danger of conviction on the basis of the members' adverse emotional reaction to it. *See* Mil. R.Evid. 403. We disagree.

■ Our starting point in reaching this conclusion is Mil.R.Evid. 401. It states:

**Rule 401. Definition of "relevant evidence"**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable tha[n] it would be without the evidence.

The military judge was initially tasked with determining whether the prosecution's evidence of appellant's homosexual videotape and similar materials was relevant under the above rule. We review his decision on relevance under a clear-abuse-of-discretion standard. *See Orsburn,* 31 MJ at 187.

■ As noted above, appellant was charged with several crimes involving homosexual conduct toward a fellow servicemember in their barracks. These charges required the prosecution to prove beyond a reasonable doubt that appellant had an intent to orally sodomize the alleged victim, an intent to gratify his lust or sexual desires, and an intent to commit indecent acts with him. *See* Art. 125 and paras. 64, 63, and 90, Part IV, Manual, *supra* (1994 edition). We have repeatedly recognized that an accused's possession of pornographic books, magazines, or videos concerning a particular sex partner or sexual act, at or near the scene of an alleged sex crime, around the time of that alleged offense may be relevant evidence of his intent or state of mind at that time, depending upon the circumstances of a particular case.[3] *See United States v. Mann, United States v. Orsburn,* and *United States v. Rhea,* all *supra.* In view of this case law, the military judge in this case did not err in admitting the challenged evidence to show the above-noted intents required to prove the crimes charged in this case. *See United States v. Simpson,* 152 F.3d 1241, 1249 (10th Cir.1998); *contra People of Guam v. Shymanovitz,* 157 F.3d 1154, 1158 n. 8 (9th Cir.1998) (discussing military cases).

■ The military judge also admitted the challenged evidence to show appellant's motive for committing the charged offenses. *See generally* 2 Wigmore, *Evidence* §§ 385–87 (Chadbourn rev.1979). Such an evidentiary fact is circumstantial evidence that appel-

---

2. All Manual provisions are cited to the version applicable at trial. The 1998 version is unchanged, unless otherwise indicated.

3. This evidence was not admitted as general character evidence. *Cf. United States v. Gagan,*

43 MJ 200, 203 (1995) (use of past sexual behavior as character evidence).

lant did the charged acts. Motive evidence shows the doing of an act by a particular person by evidencing an emotional need in that person which could have incited or stimulated that person to do that act in satisfaction of that emotion. *See United States v. Watkins,* 21 MJ 224, 227 (CMA), *cert. denied,* 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986). In our view, appellant's possession of a large number of homosexual materials in his military barracks room on the day of the offense, including some depicting acts similar to those particularly charged, reasonably suggests an emotional need for his committing the charged homosexual-related misconduct, *i.e.,* his sexual desire for junior enlisted men. *See United States v. Rhea, supra; see generally* 2 Wigmore, *supra,* § 399.

 The military judge finally admitted the homosexual-oriented materials to show a plan or design on appellant's part to commit the charged offenses. He reviewed the proffered tape and related materials and concluded they depicted a plan or method to secure homosexual sex from unsuspecting servicemembers. *See generally United States v. Brannan,* 18 MJ 181, 183 (CMA 1984). Materials suggesting sexual abuse of the superior-subordinate relationship in the military environment or coercive sexual conduct in a military-type environment rationally support this ruling. *See United States v. Miller,* 46 MJ 63, 66 (1997).

The second question in this case is raised under Mil.R.Evid. 403. It states:

**Rule 403. Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

 Appellant argued at trial and before this Court that the challenged evidence was unduly prejudicial because it generally inflamed the members against predatory or promiscuous homosexuals and thus distracted them from deciding his case based on the particular evidence before them. The military judge again was tasked with determining whether the videotape and related materials should be excluded because of their low probative value and their tendency to inflame the members. *See United States v. Walker,* 42 MJ 67, 73–74 (1995). We review his decision overruling an objection under this rule using a clear-abuse-of-discretion standard. *See United States v. Ruppel,* 49 MJ 247, 250 (1998).

Appellant was charged with forcible sodomy (Art. 125 and para. 51b, Part IV, Manual, *supra*); burglary with intent to commit sodomy (Art. 129, UCMJ, 10 USC § 929, and para. 55b); housebreaking with intent to commit sodomy (Art. 130, UCMJ, 10 USC § 930, and para. 56b) or indecent assault with intent to gratify his sexual desires (Art. 134 and para. 63b) or indecent acts (Art. 134 and para. 90c). As noted above, these provisions of military law required the prosecution to show appellant's state of mind or intent during the charged acts and the nature of his sexual desires at those times. *See* Art. 51(c), UCMJ, 10 USC § 851(c). The defense's failure to specifically contest these intent issues did not remove the Government's burden of proof on these elements of the offenses or render this evidence unduly prejudicial. *See Estelle v. McGuire,* 502 U.S. 62, 69, 112 S.Ct. 475, 481, 116 L.Ed.2d 385 (1991) (effect of defense tactical decision not to contest); *cf. Old Chief v. United States,* 519 U.S. 172, 174, 117 S.Ct. 644, 647, 136 L.Ed.2d 574 (1997) (effect of defense offers to stipulate on a non-intent issue). Accordingly, the challenged evidence was proffered on important or viable issues in this case. *See Simpson,* 152 F.3d at 1249 (evidence of possession of child pornography necessary to prove required element of knowledge and lack of mistake); *cf. Shymanovitz,* 157 F.3d at 1158 (evidence of sexually explicit gay adult magazines not relevant because actual intent in touching minors not required to be proved).

Appellant nevertheless argues that the challenged evidence had reduced or low probative value on these issues because appellant affirmatively relied on a consent defense and acknowledged his bisexuality. *Cf.*

*Mann,* 26 MJ at 4 (accused's outright denial increased probative value of pornographic-magazine evidence). We have reviewed the record and conclude otherwise. The defense's primary position in this case was that appellant could not remember what happened on the night in question and the alleged victim was providing patently false details in his testimony which should cause it to be rejected in its entirety (falsus in uno, falsus in omnibus, *see United States v. Baldwin,* 10 USCMA 193, 27 CMR 267 (1959)). As an alternative, he conceded that the alleged victim may have consented to oral sex with "somebody." Finally, only as a last resort did he vaguely suggest his own consensual conduct and such equivocation did not clearly remove the intent issues from this case. 26 MJ at 4; *see Orsburn,* 31 MJ at 188 (no defense concession).

We also reject the defense's discounting of the probative value of this evidence on grounds it was cumulative. First, the purported cumulative evidence, *i.e.,* appellant's pretrial admissions, were more generic in nature and undermined by appellant's repeated protestations that he was too drunk to remember his actions and intentions on the night in question. *See Old Chief, supra* at 187–90, 117 S.Ct. at 654. Second, the challenged evidence was specific in nature, particularly with regard to context, *i.e.,* oral sex between men in a military or quasi-military setting. Third, the challenged evidence had a nexus to the charged offenses: it was found in appellant's room on the day in question, a short distance from the alleged attack. We conclude that the challenged evidence retained its high probative value in these circumstances. *See United States v. Mann, supra; see generally Old Chief, supra* at 190, 117 S.Ct. 644 (admission of prior-crimes evidence to provide coherent "narrative" does not constitute an abuse of discretion under Fed.R.Evid. 403).

Finally, even if the challenged pictorial evidence was not highly probative, we conclude that its admission and display to members did not unduly prejudice appellant. *See United States v. Abel,* 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). He was charged with two sexual offenses involving force and a lack of consent on the part of his alleged victim. Yet, despite the coercive homosexual acts portrayed in some of the challenged materials, he was found *not guilty* of these charges. *Cf. Shymanovitz, supra* at 1161 ("highly likely" accused found guilty on basis of "highly inflammatory" evidence). In addition, although appellant was found guilty of two sexual offenses not requiring force or a lack of consent, he did not actively dispute the prosecution's overwhelming proof of his participation in these lesser offenses. Here, there was eyewitness testimony concerning appellant's acts from the other soldier involved; DNA evidence of the alleged victim's semen on appellant's shirt; and his own pretrial statement effectively acknowledging his physical attraction to the other soldier. *See also United States v. LaChapelle,* 969 F.2d 632, 638 (8th Cir.1992). In these circumstances, and in view of the judge's repeated limiting instructions, we conclude that appellant's claim of unfair prejudice from these sexually explicit materials is not persuasive. *Orsburn,* 31 MJ at 188; *see also Simpson,* 152 F.3d at 1249 (nature of charges themselves brings some risk of offending average juror but careful judicial attention can prevent undue prejudice); *United States v. Reynolds,* 29 MJ 105, 110 (CMA 1989) (unfair-prejudice ruling upheld concerning uncharged sexual misconduct admitted under Mil.R.Evid. 404(b)).

The decision of the United States Army Court of Criminal Appeals is affirmed.

EFFRON, Judge (concurring in part and in the result):

To the extent that the majority opinion relies upon the admission into evidence of material that logically relates to the specific aspects of this case (e.g., suggesting sexual abuse of the superior-subordinate relationship or coercive sexual conduct in a military-type environment), I concur. The remaining materials at issue, which relate to the general sexual interests of appellant, are of questionable relevance under Mil.R.Evid. 401 and 402 under the circumstances of this case. I

concur on the grounds that admission of such material in this case was harmless under Mil.R.Evid. 401–403, particularly in light of the admissible material and appellant's acknowledgement of his sexual interests.